**SPRINKMANN SONS CORPORATION, a Wisconsin corporation, Plaintiff,**

v.

**The BISHOPRIC PRODUCTS COMPANY, an Ohio corporation, Defendant.**

**No. 71-C-368.**

United States District Court, E. D. Wisconsin.

Feb. 3, 1972.

the Bishopric Products Company from all claims, demands, actions and from all liability of whatever nature, kind or description now existing or which may hereafter arise from or out of the insulation of 4 tanks at the Miller Brewing Company, North 31st and West Wells Street, Milwaukee, Wisconsin."

The plaintiff subsequently endorsed the aforesaid check and wrote a letter to the defendant containing the following:

"By endorsing and depositing this check, we are not assenting to the language included by you on the reverse side thereof. That is, we do not accept this check as full and final consideration for the complete release and discharge of The Bishopric Products Company from all claims by us arising from and out of the insulation of the four Miller Brewing outdoor tanks. Rather, we are accepting this check only as payment of the unpaid balance of the $113,960.00 which was the basic contract price agreed upon for the insulation of the Miller tanks plus additions for the installation of the skirts for $1,400.00 and for the installation of the blanket insulation for $560.00."

The defendant relies on Hanz Trucking, Inc. v. Harris Brothers Company, 29 Wis.2d 254, 263, 138 N.W.2d 238 (1965). The plaintiff, on the other hand, urges that there were two separate and distinct claims which it had against the defendant, and that the acceptance of payment on the one claim did not constitute an accord and satisfaction as to the other claim. Weidner v. Standard Life & Accident Ins. Co., 130 Wis. 10, 110 N.W. 246 (1906); Schulz Co. v. Gether, 183 Wis. 491, 198 N.W. 433 (1924).

I am not persuaded that the defendant is entitled to summary judgment. It has not been conclusively demonstrated that the check dated January 14, 1971 was accepted as payment in full of a single, unliquidated claim. A closely related problem was recently considered by the court of appeals for the seventh cir-

Michael, Best & Friedrich by David R. Olson and F. William Haberman, Milwaukee, Wis., for plaintiff.

Foley & Lardner, by John R. Collins and James R. Clark, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for summary judgment contending that there has been an accord and satisfaction between the parties. This contention arises from the fact that on January 14, 1971 the defendant sent a check in the amount of $26,656.90, payable to the plaintiff. On the back of the check appeared the following:

"In full and final consideration for the complete release and discharge of

cuit in Fattore Co. v. Metropolitan Sewerage Commission of County of Milwaukee, 454 F.2d 537 (7th Cir. 1971).

Now, therefore, it is ordered that the defendant's motion for summary judgment be and hereby is denied.