John VAN SISTINE, d/b/a The Van Sistine Company, Plaintiff-Appellant,

v.

Jan TOLLARD, Defendant-Respondent.

Court of Appeals

*No. 79–1041. Submitted on briefs March 10, 1980.—Decided March 26, 1980.*
(Also reported in 291 N.W.2d 636.)

---

[11] *State ex rel. Youmans v. Owens,* 28 Wis.2d 672, 681, 137 N.W.2d 470, 474 (1965), *reh. denied,* 28 Wis.2d 685a, 139 N.W.2d 241 (1966).

For the plaintiff-appellant the cause was submitted on the brief of *R. M. Gonyo* of Berlin.

For the defendant-respondent the cause was submitted on the brief of *Timothy D. Robinson,* of Berlin.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. This is an action for $1,754.25, claimed to be the unpaid balance due for goods and services provided by plaintiff-appellant, a siding contractor, to the defendant. The answer pleaded the defense of an accord and satisfaction. The court dismissed the complaint after a trial without a jury.[1] We affirm.

---

[1] The case was tried before the Honorable James J. Poole who died January 2, 1979. The parties stipulated to submit the entire record to another judge for his decision. The Honorable Elton J. Morrison, reserve judge, was assigned to hear the matter. All findings described in this opinion were made by Judge Morrison.

The issue is whether plaintiff is barred from recovery because he cashed defendant's checks marked "Paid in full" but endorsed the checks "under protest & without prejudice."

The court found that the parties entered two written contracts for improvements to defendant's house. The first contract provides that plaintiff will remove the old siding from defendant's house, repair the existing walls and make them plumb, install foil prior to installing new siding, install the new siding, cover the overhang with aluminum and install aluminum channels around the windows and doors, all for $2,675. The second contract provides that the plaintiff will install a kitchen picture window, install slider windows furnished by the defendant, install windows in the bathroom and hallway, reposition an air conditioner, a kitchen range and a kitchen cabinet and install stucco siding on the front of the house accented with cedar, and perform certain finishing, all for $1,300.

The court found that the first contract was satisfactorily performed but that the parties agreed to changes in the second contract and to additional work. It is those changes and that work which are in dispute.

Defendant testified that the additional work consisted of the installation of shutters and work in the bathroom, all of which she believes has a value of $698.42. Defendant therefore contends that plaintiff was entitled to the contract prices, a total of $3,975, plus $698.42, or $4,673.-42 in all.

Plaintiff testified that the defendant ordered another bathroom window and requested twice that plaintiff reposition the kitchen air conditioner, fix a loose kitchen cabinet, install additional and different cedar accent and white bricks, rewire a kitchen wall and install new drain fittings, fixtures, a shower unit, a ceiling, a medicine cabinet and other items in a bathroom and to rewire the

bathroom. Plaintiff claims that the total due him on the two contracts plus the changes and additions is $6,427.67.

The court found that the defendant paid the plaintiff $2,000 when the work began and later delivered to the defendant three additional checks for $180, $1,975 and $518.42, a total of $4,673.42. Each check was drawn by a credit union and made payable to the plaintiff and the defendant. The check for $180 bears an endorsement by defendant reading as follows: "Paid in full. Labor & materials (Shutters) on property located at 614 Pine Street, Pine River, WI." The check for $1,975 bears the following endorsement by defendant: "Paid in full— Balance due on remodeling contracts on property located at 614 Pine Street, Pine River, WI 54965." The third check for $518.42 was endorsed by defendant, "Paid in full. Bathroom remodeling. All labor & materials. 32 hours labor × $9.00 hr. On property located at 614 Pine Street, Pine River, WI 54965." Plaintiff endorsed each check as follows: "The Van Sistine Company cashes this check under protest & without prejudice."

The court concluded that a genuine dispute existed as to performance of the second contract and as to the changes and additions ordered. The court held that the offer and acceptance of the three checks constituted an accord and satisfaction which precluded the plaintiff from further recovery.

An accord and satisfaction is a contract to discharge a disputed claim and constitutes a defense to an action to enforce the claim. *Hoffman v. Ralston Purina Co.*, 86 Wis.2d 445, 453, 273 N.W.2d 214 (1979).

The contract of accord and satisfaction arises if the obligor offers a performance in satisfaction of a disputed claim, the creditor understands that full satisfaction is

intended, and the creditor accepts the offer, whether by word or deed. *Hoffman, supra.*

The three checks as endorsed by defendant constituted her offer to plaintiff to pay the total of those checks in satisfaction of his disputed claim against defendant for the balance due plaintiff. The plaintiff creditor cashed the check promptly and "under protest & without prejudice." Those words manifested plaintiff's intent not to accept the offer. Plaintiff therefore contends that no accord and satisfaction arose, citing *Sprinkmann Sons Corp. v. Bishopric Products Co.,* 340 F. Supp. 148 (E.D. Wis. 1972), which held that an issue continued to exist as to whether payment under somewhat similar circumstances[2] constituted an accord and satisfaction. *Sprinkmann,* however, was decided prior to *Hoffman.*

*Hoffman* held that where a check was offered in full settlement of a disputed claim and the creditor remained silent but retained the uncashed check for an unreasonable time, that silence and acquiescence was manifestation of assent which gave rise to an accord and satisfaction. The court held that there was no distinction between cashing a check or retaining it for an unreasonable time under the following rule:

Actions of the offeree can constitute acceptance even when accompanying words express a contrary intent. When a creditor receives a check offered in full settlement of an obligation and cashes the check, but simultaneously writes to the debtor that he refuses to accept the check as in full satisfaction but will apply it only in reduction of the debt, the action of cashing the check will be considered an acceptance of the offer. 86 Wis.2d at 454, 273 N.W.2d at 217 (citation omitted).

[2] The reservation of rights in *Sprinkmann,* 340 F. Supp. 148, was made by letter and the court held that an issue existed as to whether the check was accepted as payment in full of a single, unliquidated claim.

The act of cashing the checks was an acceptance of defendant's offer and gave rise to an accord and satisfaction under the law of this state, notwithstanding plaintiff's endorsement to the contrary.

Plaintiff nevertheless contends that he is not barred from recovering the balance he claims is due. He relies upon sec. 1–207 of the Uniform Commercial Code [sec. 401.207, Stats.] which provides:

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice", "under protest" or the like are sufficient.

The jurisdictions which have considered the effect of sec. 1–207 of the code upon the doctrine of accord and satisfaction are not unanimous.

*Scholl v. Tallman,* 247 N.W.2d 490 (S.D. 1976); *Baillie Lumber Co. v. Kincaid Carolina Corp.,* 4 N.C. App. 342, 167 S.E.2d 85 (1969); *Lange-Finn Const. Co. v. Albany Steel & Iron,* 94 Misc.2d 15, 403 N.Y.S.2d 1012 (1978); and *Miller v. Jung,* 361 So.2d 788 (Fla. Dist. Ct. App. 1978), construe sec. 1–207 of the code to mean that an accord and satisfaction does not arise if a check is tendered in full satisfaction and is endorsed by the creditor with terms such as "without prejudice" or "under protest." *Fritz v. Marantette,* 404 Mich. 329, 273 N.W.2d 425 (1978), held that sec. 1–207 of the code does not prevent an accord and satisfaction under the same circumstances. *Fritz* relies in part upon Rosenthal, *Discord and Dissatisfaction: Section 1–207 of the Uniform Commercial Code,* 78 Columbia L. Rev. 48 (1978), which concluded that sec. 1–207 is "a seldom-used provision of the Uniform Commercial Code that was enacted with

little attention and is now, with little thought, beginning to be interpreted and applied to destroy the effectiveness of what is often the most convenient means of achieving informal settlements," referring to the doctrine of accord and satisfaction. *Ibid.* at 74.

Regardless of its construction, sec. 1–207 of the code cannot apply unless the underlying transaction is subject to the code. The only part of the code which could apply is the Uniform Commercial Code—Sales, ch. 402 of the Wisconsin Statutes. Section 2–102 of the Uniform Commercial Code [sec. 402.102, Stats.] provides that unless the context otherwise requires, that chapter applies to transactions in "goods."

Plaintiff furnished both goods and services. In determining whether a mixed contract for goods and services is a sale of goods under the code, "The test for inclusion or exclusion [within the code] is not whether they are mixed, but, granting that they are mixed, whether their predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved (*e.g.*, contract with artist for painting) or is a transaction of sale, with labor incidentally involved (*e.g.*, installation of a water heater in a bathroom)." *Bonebrake v. Cox,* 499 F.2d 951, 960 (8th Cir. 1974) (footnotes omitted). *See also Ranger Const. Co. v. Dixie Floor Co., Inc.,* 433 F. Supp. 442, 444 (D.S.C. 1977); *Freeman v. Shannon Const., Inc.,* 560 S.W.2d 732 (Tex. Ct. App. 1978). *Cork Plumbing Co. v. Martin Bloom Associates,* 573 S.W.2d 947, 958 (Mo. Ct. App. 1978), illustrates the principle. There the plaintiff plumbing company contracted to furnish materials and labor necessary for the completion of the plumbing and sewer work in an apartment complex. Applying the "predominant purpose" test to the mixture of goods and services involved in that contract, the court concluded

that the contract was for the construction of a plumbing system rather than the sale of goods. The plaintiff took specific materials and apparatus, manufactured by various dealers, and assembled and connected them into a completed plumbing system.

The plaintiff is described as a "siding contractor" in the contracts between the parties and on the bills he submitted. Plaintiff's bill to defendant shows that $1,691.17 of the total he claimed due on the second contract and its changes and additions pertained to materials, compared to $2,061.50 for labor. Plaintiff purchased those materials from various dealers and installed some materials furnished by defendant. The second contract speaks in terms of "install," "reposition," "move" and "finishing" and not of a sale.

We conclude that the predominant factor in the second contract and its changes and additions is the furnishing of services, with an incidental sale of materials. Accordingly, the transaction is not subject to the Uniform Commercial Code—Sales and sec. 1–207 of the code [sec. 401.207, Stats.] is inapplicable.

*By the Court.*—Judgment affirmed.