**SURPLUS ELECTRONICS CORPORA-
TION, Plaintiff-Appellee and
Cross-Appellant,**

v.

**Joel G. GALLIN, Personal Representative
of the Estate of Earle Louis Gallin, De-
ceased, Defendant-Appellant and Cross-
Appellee.**

No. 80CA0453.

Colorado Court of Appeals,
Div. I.

Oct. 14, 1982.

Fishman & Geman, P.C., Donald T. Tri-
nen, Denver, for plaintiff-appellee and
cross-appellant.

Jeffrey C. McCarthy, Denver, for defend-
ant-appellant and cross-appellee.

VAN CISE, Judge.

Defendant, Joel G. Gallin, as personal
representative of the estate of Earle Louis
Gallin, deceased, appeals a judgment en-
tered for the balance owing, after a set-off
for storage charges, for merchandise pur-
chased by defendant's decedent (purchas-
er)[1] from plaintiff, Surplus Electronics Cor-
poration (seller). The judgment included
18% interest. Seller cross-appeals the al-
lowance of the set-off and the disallowance

---

1. Purchaser died after trial of this action.

of its claim for attorney's fees. We affirm in part and reverse in part.

Seller and purchaser were in the electronic component parts business. Seller, operating from Florida, bought in bulk and then resold in smaller quantities to wholesalers and retailers throughout the country. Purchaser operated a sole proprietorship in Colorado buying and reselling parts to manufacturers. On nine separate occasions between July and September 1977, purchaser bought materials from seller. Not having received payment for any of the goods shipped, seller brought this action in January 1978.

After trial to the court in which the evidence was conflicting, the trial court made the following findings. The merchandise was purchased and the prices were as listed on the invoices. Seller guaranteed that the goods were usable and, if not acceptable, the goods could be returned for full credit, with seller to pay the return freight. Small amounts were returned, and credit was given. After credits, the total invoice balance was $6,170. Purchaser admitted owing $2,656 of this amount. Purchaser claimed that he was holding the balance of the goods until he could complete testing for usability and that, on completion, he would return the unacceptable goods in one lot. However, none of these goods were returned and, on date of trial, April 11, 1980, were still in purchaser's store.

The court determined that even under § 4–2–603, C.R.S.1973, which permits rejection of goods and holding subject to seller's instructions, retention of goods for an unreasonable amount of time is not justified. It held that no more than six months could be justified as a reasonable period for inspection and testing, and that retaining the goods after demand for payment and even after filing of suit was not a holding in good faith or good faith conduct. It allowed purchaser as a set-off $430 for storage charges for six months. Judgment was then entered for seller for the full net invoice balance less the set-off.

## I. *Judgment for Purchase Price*

Purchaser admits owing $2,656 for goods accepted by him, and he does not challenge that portion of the judgment. However, his first contention on appeal is that the court erred in holding that he purchased the balance of the unreturned goods and owes the $3,514 invoice totals therefor. He claims that he made a proper rejection of these goods, that, therefore, there never was an acceptance or sale, and that his retention thereafter was insufficient to render him liable for the price. We do not agree.

■ The parties were in agreement that all goods were shipped to purchaser on his order subject to his acceptance of the goods, with full return privilege on all material deemed by purchaser to be unacceptable and with seller to pay return freight. The court's decision was based on its finding that purchaser claimed it was retaining the goods for testing as to usability, with the intention of returning the unacceptable goods in one lot. It found, and we agree, that retention for that purpose for longer than six months was unreasonable. *See* § 4–1–204, C.R.S.1973.

■ The corollary to this finding is that purchaser's failure seasonably to notify seller of the ultimate rejection of such of the goods as purchaser deemed unusable rendered any claim of rejection ineffective, § 4–2–602(1), C.R.S.1973, and constituted an acceptance. Section 4–2–606(1)(b), C.R.S.1973. The effect of acceptance is that purchaser is obligated to pay for these goods at the invoice rate. Section 4–2–607(1), C.R.S.1973.

## II. *Interest and Attorney's Fees*

■ Next, purchaser contends that the court erred by finding that an interest rate of 18% per annum on overdue accounts was an agreed term of the contract. On the other hand, seller contends the court should have awarded attorney's fees, also as an agreed contract term.

The invoice forms used by seller contained in fine print at the bottom of the statement:

"A service charge of 1½% per month (18% per annum) will be charged on all past due accounts. All past due accounts subject to a minimum service charge of $1.50 per month. In the event it shall become necessary to collect the herein above described sums, or any part thereof, the Purchaser agrees to pay all the costs thereof including reasonable attorney's fees."

The trial court, apparently relying on §§ 4–2–206 and 4–2–207, C.R.S.1973, and in particular on official comment 5 to § 4–2–207, found that, under the evidence in this case, the invoice language did not establish an agreement for attorney's fees "but may establish invoice language as to late charges and interest." In our view, one cannot be distinguished from the other, and the same result should apply to both.

Seller's representative Davis testified that the matter of attorney's fees and penalty interest were not discussed at all. Purchaser claimed he had a conversation with Davis and they agreed these items were not included in their deals. On either version, there was insufficient evidence to establish an agreement for either item or that the small print on the invoice acknowledging purchaser's order was a part of the contract. *Graham Paper Co. v. Schottco Corp.,* 555 F.2d 193 (8th Cir.1977). Hence, seller is entitled only to interest as prescribed in § 5–12–102(1)(b), C.R.S.1973 (1981 Cum. Supp.).

### III. *Storage Charges*

The trial court allowed purchaser a $430 set-off for storage of the disputed goods on purchaser's premises for the first six months of the retention period. For the reasons set forth in Section I above, purchaser's claim for additional storage charges after the first six months is without merit. For the same reasons, we agree with seller that awarding any amount for storage was error. Since, by failure properly to reject, purchaser is deemed to have accepted the goods, there is no basis for recovery of expenses incident to rejection. *Cf.* § 4–2–711, C.R.S.1973.

The judgment in favor of seller for the net invoice amount of $6,170 and the disallowance of attorney's fees to seller is affirmed. The judgment for the $430 set-off in favor of purchaser and for 18% interest on the net judgment in favor of seller is reversed. The cause is remanded for modification of the judgment consistent with this opinion.

COYTE and TURSI, JJ., concur.