George BLACKMAN

v.

Leta Brewer JACKSON.

Supreme Judicial Court of Maine.

Argued March 23, 1983.

Decided April 26, 1983.

Richard W. Elliott (orally), Boothbay Harbor, for plaintiff.

Fitzgerald, Donovan & Conley, Duane D. Fitzgerald, John J. Sears (orally), Bath, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

The plaintiff, George Blackman, appeals from a judgment entered in favor of the defendant, Leta Brewer Jackson, following a jury trial in Superior Court, Lincoln County.

I.  *Procedural and Factual Background*

The complaint alleges that the defendant "wantonly or recklessly or negligently drove a motor vehicle against the plaintiff's motorcycle." After a hearing, the defendant was permitted to file a permissive counterclaim pursuant to M.R.Civ.P. 13(b) alleging that the plaintiff was negligently operating his motorcycle. On June 22, 1982, a trial began and on June 27, 1982, the jury rendered a verdict for the defendant. The special interrogatories submitted to the jury indicated that although the jury found that both the plaintiff and the defendant were negligent, the jury also determined that the plaintiff was more negligent than the defendant. The jury, which assessed the defendant's total damages at $1,500, set the defendant's recoverable damages at $900. On August 4, 1982, the plaintiff filed motions for a new trial and for a judgment notwithstanding the verdict. The motions were denied. The plaintiff filed this appeal.

The jury could have found the following facts. On June 1, 1979, at 3:00 p.m., a sunny and clear afternoon, the defendant, Mrs. Jackson, age 78, was driving a 1971 Ford Pinto eastbound on Route 96 from Boothbay Harbor toward her home in East

Boothbay. Her home was on the left-hand side of the road. To enter her driveway, therefore, she had to make a left-hand turn across the center line and the left-travelled lane of the highway. The defendant knew, prior to the time of the accident, that this area was very dangerous. Although the speed limit was 35 mph and there was a deaf child sign and a hidden driveway sign in the area, vehicles often passed her home travelling at excessive speeds. Several hundred feet beyond the Jackson home on Route 96 was "Thrill Hill." Westbound vehicles would attain excessive speeds going up "Thrill Hill" in order "to go into the air" as the vehicle came over the crest of the hill. These vehicles would continue at their excessive rates of speed past the Jackson home. As a result, Mrs. Jackson always very carefully looked to see if any vehicles were coming westbound down the left lane before initiating the left-hand turn to enter her driveway. If she saw a car coming down the left lane from "Thrill Hill," she would never turn into her driveway in front of the oncoming vehicle. Instead, she would wait until the vehicle passed her and then would execute the turn into her driveway.

On the day in question, she exercised her usual care in executing the left-hand turn. There was no traffic in the area at the time she approached her driveway. She put on her left blinker signal several hundred feet before her driveway. She stopped the car and looked twice in both directions. From that vantage point, she could see down the road for a distance of 275 feet. She saw no oncoming traffic in the left lane. Further, she had the radio on and she heard no vehicles coming down the road. She then proceeded to drive the vehicle into the driveway. When the front part of the vehicle was in the driveway and the rear wheels were still in the road, a westbound motorcycle operated by the plaintiff, Mr. Blackman, age 32, crashed into the defendant's vehicle at a point just ahead of the rear tires. The impact rendered both vehicles valueless. The defendant's vehicle spun 90 degrees and came to rest facing east. At the same time, the plaintiff was thrown from his seat on the motorcycle over the defendant's vehicle and landed in the middle of the road, some thirty feet away from the Jackson vehicle. The defendant sustained injuries from being thrown around inside of her vehicle as a result of the impact.

The plaintiff was driving his motorcycle at a speed of at least 50 to 60 mph. The plaintiff left a skid mark two or three feet from the right shoulder of the road for a distance of 92 feet. The plaintiff was an experienced driver; he had been driving a motorcycle for six years.

## II. *Discussion*

■ The plaintiff argues that the evidence compels a verdict for the plaintiff. The verdict must be sustained if any credible evidence, and all justifiable inferences drawn from such evidence, viewed in the light most favorable to the defendant, support the verdict. *Grant v. Warren Brothers Co.,* 405 A.2d 213, 216 (Me.1979); *Zamore v. Whitten,* 395 A.2d 435, 439 (Me.1978). The judgment in favor of the defendant therefore must stand unless clearly erroneous.

It is apparent from the evidence that the jury could have found that when the defendant commenced her left-hand turn the plaintiff was within her 275 foot range of view to the top of "Thrill Hill." The jury, therefore, could have concluded that the defendant did not see the plaintiff on his motorcycle. It is equally apparent, however, that the jury could have found that the plaintiff could have avoided the accident if he had been travelling at a more reasonable speed and he had been driving in the center of the left lane rather than close to the right-hand shoulder.

■ The justice correctly instructed the jury on the duty of care of a driver making a left-hand turn. He stated that drivers initiating a left-hand turn must use every reasonable means to determine whether the passage is reasonably safe. *See Fernald v. French,* 121 Me. 4, 9, 115 A. 420, 422 (1921); *see also Blaisdell v. Reid,* 352 A.2d 756, 758 (Me.1976); *Esponette v. Wiseman,* 130 Me.

297, 301–02, 155 A. 650, 653 (1931). The justice also instructed the jury that any person driving a vehicle on a way or in a place shall drive at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the way or place, and of any other conditions then existing. 29 M.R.S.A. § 1252(1) (1978); see also Esponette, 130 Me. at 302–03, 155 A. at 653. The jury, having received these instructions, determined by special interrogatories that both the plaintiff and the defendant breached their respective duties and that the plaintiff was more negligent than the defendant. We are satisfied that there is credible evidence of record to support all of those conclusions.

The entry is

Judgment affirmed.

All concurring.