REDLON'S INC.

v.

GILMAN, INC.

Supreme Judicial Court of Maine.

Argued Nov. 7, 1984.

Decided Dec. 31, 1984.

Hart, Stinson, Lupton & Weiss, P.A., David R. Weiss (orally), Bath, for plaintiff.

Ferris, Dearborn & Willey, Joel Dearborn (orally), Brewer, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

VIOLETTE, Justice.

The defendant, Gilman, Inc., challenges a judgment for the plaintiff, Redlon's, Inc., entered after a jury trial in Superior Court (Sagadahoc County) finding for Redlon's, Inc. in the amount of $6,662.49. Gilman now contends that the evidence is insufficient to support a verdict based upon a contract for the sale of goods containing additional terms of interest for late payments and attorneys fees for collection proceedings. Gilman also claims the presiding justice erred in awarding legal interest in the judgment he ordered entered for plaintiff.

■ The standard of review applicable in this case is that the verdict must be sustained if any credible evidence, and all justifiable inferences drawn from such evidence, viewed in the light most favorable to the plaintiff, support the verdict. *Blackman v. Jackson*, 458 A.2d 755, 756 (Me. 1983); *Grant v. Warren Brothers Co.*, 405 A.2d 213, 216 (Me.1979).

■ Under 11 M.R.S.A. § 2–207 (1964) of the Uniform Commercial Code, additional terms can be incorporated into an existing sales contract unless notice of objection to such terms is given within a reasonable time after notice is received. Gilman filed no such objection after Redlon's sent it notice of these terms and when the terms were included in delivery tickets and invoices. Comment five to this section, 11 M.R.S.A. § 2–207 comment 5 (1964), states that clauses providing for interest on overdue invoices or fixing standard credit terms are examples of such additional terms. Since the jury returned a general verdict, we are unable to say what part of the verdict represents interest and whether the jury also awarded attorneys fees. Upon our review of the record, we conclude there is credible evidence to support the verdict.

■ In its notice of appeal and brief defendant claims the presiding justice erred in awarding plaintiff post-judgment interest. Following the return of the jury verdict, and on the same day, the justice ordered judgment for Redlon's, Inc. against Gilman, Inc. "in the sum of $6,642.49 together with legal interest and costs." At oral argument, however, defense counsel argued that the error complained of was the award of pre-judgment rather than post-judgment interest. Because the action involved a contract claiming entitlement to interest, plaintiff was not entitled to pre-judgment interest. 14 M.R.S.A. § 1602(1). At oral argument, plaintiff conceded it was not entitled to pre-judgment interest to the date of the judgment. We conclude it was error for the presiding justice to award "legal interest" and that this award should be stricken from the judgment.

The entry is:

Case remanded with instruction to strike from the judgment the words "with legal interest"; the judgment is otherwise affirmed.

All concurring.