The BOULOS COMPANY

v.

John J. McDEVITT, Donald F. Donovan, and Maine Spring and Equipment.

Supreme Judicial Court of Maine.

Argued Jan. 8, 1987.
Decided March 24, 1987.

Verrill & Dana, Kurt E. Olafsen (orally), Michael T. Healy, Portland, for plaintiff.

Law Offices of Richard E. Poulos, Richard E. Poulos, Paul F. Zendzian (orally), Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendants, John J. McDevitt, Donald F. Donovan, and Maine Spring and Equipment, appeal from the judgment of the Superior Court, Cumberland County, entered after a jury-waived trial, awarding the plaintiff, The Boulos Company (Boulos), $26,000 as its real estate broker's commission. On appeal, the defendants contend Boulos breached a fiduciary duty owed to the defendants and is thereby precluded from recovering a broker's commission. The defendants also contend the language of the agreement did not require the defendants to refer the ultimate purchaser of the property to Boulos. We find no merit in these contentions and affirm the judgment.

I.

In May 1980, the defendants executed a six-month exclusive right to sell agreement with the MacBride Group (MacBride) for the sale of a parcel of commercial real estate located in Portland. The agreement contained a provision requiring the defendants to pay a commission to MacBride if the property were sold within a 12-month period after the agreement expired to a buyer procured by MacBride during the exclusive listing period. The 12-month extension period terminated in December 1981.

On July 7, 1981, the defendants entered into a second six-month listing agreement with Boulos, giving Boulos the exclusive right to sell the same property. The agreement contained a similar six-month extension clause and provided, *inter alia,* that Boulos was entitled to a commission of ten percent of the sale price "by whomsoever sold." The agreement also provided that "[a]ll inquiries shall be referred to said Broker." The defendants did not exclude any prospective purchasers from the scope of the exclusive listing agreement with Boulos.

On January 8, 1981, the property was sold for $260,000 to SCA Services, Inc. (SCA), who had initially been contacted by MacBride and with whom the defendants had continued to negotiate throughout the term of the Boulos agreement. At no time was SCA referred by the defendants to Boulos. Boulos brought this action to collect a $26,000 commission claimed due under its brokerage agreement with the defendants.

The Superior Court found that at the time Boulos entered into the agreement with the defendants, Boulos had no knowledge of an existing brokerage agreement between the defendants and MacBride, that Boulos had diligently performed its duties under its contract, and that the defendants had violated the referral provision of that contract by failing to refer SCA to Boulos. A judgment was entered in favor of Boulos from which the defendants appeal.

### II.

On appeal, the defendants do not challenge the factual findings of the trial court but argue, as they did before the trial court, that (1) the failure of Boulos to inquire of the defendants concerning any prior commitments that might expose them to liability for a double commission is a complete defense to the present action, and (2) the agreement provision that "all inquiries shall be referred to said Broker" should be read to preclude referral to Boulos of inquiries of any party from whom the defendants had received inquiries prior to the execution of the agreement.

We review the findings of the Superior Court for clear error and its decision for a sufficient evidentiary basis in the record. *See Dunning v. Dunning*, 495 A.2d 821, 823 (Me.1985); *Redlon's Inc. v. Gilman, Inc.*, 485 A.2d 661, 662 (Me.1984). We will not substitute our judgment for that of the trial court and will defer to the court's superior position to evaluate the weight of evidence and the credibility of witnesses, *Tonge v. Waterville Realty Corp.*, 448 A.2d 902, 905 (Me.1982).

▮ The trial court specifically found that Boulos had no knowledge of any unex-pired listing agreement between the defendants and another broker and that Boulos had performed its duties under the agreement with the defendants. The record fully supports the court's findings.

The defendants next contend the Superior Court erroneously found that the agreement required the defendants to refer inquiries from SCA to Boulos.

"The construction of contract language is a matter of law for the court to determine." *City of Augusta v. Quirion*, 436 A.2d 388, 392 (Me.1981). *See Portland Valve, Inc. v. Rockwood Systems*, 460 A.2d 1383, 1387 (Me.1983). The language of the contract will be construed to implement the intent of the parties and will be given its plain meaning. *City of Augusta v. Quirion*, 436 A.2d at 392.

▮ The record reflects that SCA made continuing inquiries of the defendants concerning the property from July, 1981 until its ultimate purchase of the property in January 1982. The defendants do not deny that they bypassed Boulos in their dealings with SCA. There is no merit in the defendants' contention that the language of the agreement with Boulos precluded their referral to Boulos of inquiries received from SCA. The trial court properly determined that the defendants had violated this provision of their agreement with Boulos.

The entry is:

Judgment affirmed.

All concurring.