**OFFEN, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**ROCKY MOUNTAIN CONSTRUCTORS, INC., a Colorado corporation, Defendant-Appellant.**

**No. 86CA1338.**

Colorado Court of Appeals, Div. III.

June 2, 1988.

Rehearing Denied July 7, 1988.

Certiorari Denied Nov. 28, 1988.

Daniel, McCain & Brown, T. William Wallace, Brighton, for plaintiff-appellee.

William Litvak, Denver, for defendant-appellant.

STERNBERG, Judge.

As part of a judgment entered in favor of the plaintiff, Offen, Inc., in its suit against the defendant, Rocky Mountain Constructors, Inc., the trial court awarded 18% interest and attorney fees in favor of Offen. Rocky Mountain appeals the interest and attorney fee award. We affirm.

The parties had an oral agreement for the purchase of petroleum products. Offen delivered the products together with delivery tickets, some of which were signed by three different Rocky Mountain employees. One of these employees was the son of the president of the company; the president testified that his son was in a position of authority. Another employee was the shop foreman, and the third, a truck driver.

The delivery tickets stated that an 18% interest rate and attorney fees would be charged in the event collection actions became necessary. Invoices mailed after delivery contained similar language in bold face type. Offen and Rocky Mountain, however, had not discussed these terms. The trial court ruled that Rocky Mountain assented to those terms and awarded interest and attorney fees in accordance therewith.

Relying upon *Surplus Electronics Corp. v. Gallin,* 653 P.2d 752 (Colo.App.1982), Rocky Mountain contends that the trial court erred in concluding that it assented

to the terms set forth relating to interest and attorney fees. We disagree.

This case is governed by the Uniform Commercial Code, § 4–2–207, C.R.S., which states:

"A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time, operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

Here, the invoices constituted written confirmation of the terms orally agreed to earlier by the parties. *Mid–South Packers, Inc. v. Shoney's, Inc.,* 761 F.2d 1117 (5th Cir.1985). The testimony indicated that the parties did not discuss late charges or attorneys fees; hence, the provisions on the invoices were additional terms within the meaning of § 4–2–207, C.R.S. *Cement Asbestos Products Co. v. Hartford Accident & Indemnity Co.,* 592 F.2d 1144 (10th Cir.1979).

Between merchants, additional terms in a written confirmation, to which the other party does not object, become part of the contract unless the terms "materially alter" the contract. Section 4–2–207(2)(b), C.R.S. Here, there was no objection by Rocky Mountain, and we do not view interest charges and attorney fees as materially altering the contract.

Section 4–2–207, C.R.S. (Official Comment 5) states: "[E]xamples of clauses which involve no element of unreasonable surprise and which therefore are to be incorporated in the contract unless notice of objection is seasonably given are ... a clause providing for interest on overdue invoices...." The concept implicit in this statement applies to the interest and attorney fees provision included on the invoice at issue here. The transactions between the parties established that invoices would follow purchase orders, and since Rocky Mountain had received numerous invoices during their course of dealing, the term regarding attorney fees should have come as no surprise to Rocky Mountain. *See Mid–South Packers, supra.*

As there was no objection to the additional terms, and the terms did not materially alter the contract, the interest and collection cost terms of the invoices became part of the contract. This conclusion in no way conflicts with *Surplus Electronics Corp. v. Gallin, supra,* in which this court held that provisions regarding penalty interest and attorney fees, contained on a seller's invoice, did not become a part of the contract.

Our holding in *Surplus Electronics* was based on *Graham Paper Co. v. Schottco Corp.,* 555 F.2d 193 (8th Cir.1977). In *Graham Paper Co.,* the purchaser responded to the seller's written quotation of prices with a written order. The seller, in turn, sent the purchaser a written acknowledgment of the purchase order. This written acknowledgment contained a provision for a service charge on overdue accounts. The court reasoned that a contract was formed when the purchaser submitted the written purchase order; it therefore concluded that invoices delivered subsequent to the purchaser's written acceptance of the seller's terms did not constitute "written confirmations" under the statute.

Unlike *Surplus Electronics, supra,* and *Graham Paper Co., supra,* this case falls squarely within the ambit of § 4–2–207, C.R.S. Thus, the trial court's conclusion was correct.

The judgment is affirmed.

METZGER and HUME, JJ., concur.