MID-STATE CONTRACTING, INC., Plaintiff-Respondent,

v.

SUPERIOR FLOOR COMPANY, INC., Defendant-
Appellant.

Court of Appeals

*No. 02–0761–FT. Submitted on briefs July 26, 2002.—Decided
September 17, 2002.*

2002 WI App 257

(Also reported in 655 N.W.2d 142.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven M. Anderson, Julie M. Falk* and *Ruder, Ware & Michler, a limited liability S.C.*, of Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John P. Runde* and *Terwilliger, Wakeen, Piehler & Conway, S.C.*, of Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Superior Floor Company, Inc., appeals a judgment awarding 18% interest on a jury verdict.[1] Superior claims it never contracted with Mid-State Contracting, Inc., for an interest rate above the statutory limit of 5%[2] and Mid-State unilaterally added the 18% rate at the bottom of its invoices to Superior. We determine that the interest rate line constitutes an additional term under Wis. Stat. § 402.207(1) not sub-

---

[1] This is an expedited appeal under Wis. Stat. Rule 809.17. All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] See Wis. Stat. § 138.04 for codification of the 5% rate.

ject to any exception under WIS. STAT. § 402.207(2), and that the 18% rate is permissible. We therefore affirm the judgment.

## Background

¶ 2. Superior contracted with Mid-State to install a baghouse dust collection system and truck loading system at Superior's plant. The payment terms were 20% down, 70% over the course of the project and 10% due thirty days after completion. There was no provision regarding interest in that contract, and Superior paid for these systems.

¶ 3. Sometime after the baghouse and truck systems were installed, Superior contacted Mid-State regarding at least fourteen other items that needed installation or repair. Superior claims these items were repairs to the original systems, which Superior alleges were improperly installed, and it therefore never agreed to be responsible for the costs. Mid-State suggests these items were unrelated to the original systems.

¶ 4. Mid-State submitted invoices for the additional items. At the bottom, each invoice states "1 ½% Per Mo. Service Charge (18% Annually) Will be charged on all accounts past due." Superior refused to pay for the items, and Mid-State commenced an action to recover the amounts due plus interest. Superior counterclaimed, arguing breach of implied and express warranties.

¶ 5. A jury returned a verdict for Mid-State, finding against Superior on the counterclaim. Mid-State then moved for judgment on the verdict with interest. The court heard arguments regarding the interest rate, finding *Advance Concrete Forms, Inc. v. McCann Constr. Specialties Co.*, 916 F.2d 412 (7th Cir. 1990), persuasive

and allowing Mid-State to charge the 18% interest rate. The court also found that Superior should have known the provision was there and that it never objected. *See id.* The court entered judgment for $24,618.68 on the verdict plus $34,670.29 interest.[3] Superior now appeals, arguing that Mid-State cannot unilaterally insert an interest rate and that application of 18% interest by the circuit court was therefore in error.[4]

### *Standard of Review*

■

¶ 6. Whether to allow interest on a verdict is a question of law that we review de novo. *See Weber v. CNW Transp. Co.*, 191 Wis. 2d 626, 638, 530 N.W.2d 25 (Ct. App. 1995).

### *Analysis*

■

¶ 7. WISCONSIN STAT. § 138.04 sets the legal interest rate at 5% but allows parties to contract for a different rate. Superior argues that there was never a contract for the 18% rate. Mid-State, however, argues that its notation on the invoice is an "additional term" governed by WIS. STAT. § 402.207.

---

[3] The court also awarded costs.

[4] Superior also argues that application of 18% interest was inappropriate because Mid-State "slept on its rights" by never billing the dollar amount of the finance charges on any of the invoices. However, this waiver argument is first addressed in the reply brief. If an appellant fails to discuss an alleged error in its main brief, it may not do so in the reply brief. *In re Estate of Bilsie*, 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (1981). We therefore decline to address this argument.

¶ 8. WISCONSIN STAT. § 402.207 is part of our codi-
fication of the UNIFORM COMMERCIAL CODE.[5] It provides

(1) A definite and seasonable expression of accep-
tance or a written confirmation which is sent
within a reasonable time operates as an accep-
tance even though it states terms additional to
or different from those offered or agreed
upon . . . .

(2) The additional terms are to be construed as
proposals for additional to the contract. Between
merchants[6] such terms become part of the
contract unless:

a. The offer expressly limits acceptance to the
terms of the offer;

---

[5] We note that the invoices in question are for both goods
and services. Ordinarily, a court determines whether a mixed
contract for goods and services is subject to WIS. STAT. ch. 402
(the U.C.C.) by considering whether the contract is for goods
with labor incidentally involved or for services with goods
incidentally involved. *See Biese v. Parker Coatings*, 223 Wis. 2d
18, 25, 588 N.W.2d 312 (Ct. App. 1998). While we are aware that
the applicability of ch. 402 could therefore be challenged on this
ground, the trial court determined ch. 402 to be applicable and
Mid-State argued its case on that assumption. Superior never
argued that ch. 402 was inapplicable, either in its main brief or
its reply. *See Charolais Breeding Ranches, Ltd. v. FPC Secs.
Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979)
(arguments not refuted deemed admitted). Moreover, it is a
well-established rule in Wisconsin that appellate courts need
not and ordinarily will not consider or decide issues that are not
specifically raised on appeal. *Waushara County v. Graf*, 166 Wis.
2d 442, 451, 480 N.W.2d 16 (1992). Therefore, we assume for the
purposes of this decision that the parties' contract was princi-
pally for the sale of goods.

[6] Mid-State asserts and Superior does not protest that both
are merchants under the statute.

143

b. They materially alter it; or

c. Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

¶ 9. The Seventh Circuit Court of Appeals interpreted Wis. Stat. § 402.207 in *Advance Concrete*. In that case, Advance sought to collect past due amounts plus interest from McCann. McCann argued that it had never paid interest and had never agreed to do so, even though there was a notation for interest at the bottom of Advance's invoice. *Id.* at 414. The court said the statute applies where there is a previous agreement between the parties and one or both sends written confirmation of terms discussed adding terms not discussed. *Id.* at 415.

¶ 10. An invoice easily falls within the seventh circuit's criteria for application of Wis. Stat. § 402.207. An invoice is a written confirmation of a request for work by one party, the performance of work by the second, and the cost of the work agreed upon. While interest may not have been discussed originally, adding it to the bottom of the invoice constitutes the addition of a term not previously discussed between the parties. Thus, § 402.207 applies to make the interest an additional part of an agreement between merchants unless one of the exceptions in § 402.207(2) applies.[7]

---

[7] Other jurisdictions have applied their local codifications of the U.C.C. to reach the same result, allowing sellers to collect interest at rates specified on invoices or other writings even though such a rate was not previously contracted for among the parties. *See, e.g., Permian Petrol. Co. v. Petroleos Mexicanos*, 934 F.2d 635, 654 (5th Cir. 1991); *Redlon's, Inc. v. Gilman, Inc.*, 485 A.2d 661, 662 (Me. 1984); *Offen, Inc., v. Rocky Mtn. Construc-*

¶ 11. The first exception, limitations on acceptance, does not apply here and in fact is not raised.[8] By drawing from the official comments to the UNIFORM COMMERCIAL CODE, the seventh circuit concluded that the second exception, material alteration, does not apply when interest rates or other terms of credit are added. *Advance Concrete*, 916 F.2d at 415. Thus, WIS. STAT. § 402.207 would be inapplicable in this case only if the third exception applies.

¶ 12. The third exception, WIS. STAT. § 402.207(2)(c) prohibits the unilateral addition of a term to a contract between merchants if notification of and objection to the term has been given or is given in a reasonable time frame. The trial court here noted that nothing in the record indicated Superior ever protested. Indeed, Superior points to no portion of the record that would suggest otherwise.

¶ 13. While we are thus satisfied that WIS. STAT. § 402.207 applies to allow Mid-State to collect interest at 18%, Superior raises several other arguments we choose to address. Superior alleges that it was never informed, verbally or in writing, about the interest rate and that failure to notify in writing violates WIS. STAT. § 138.04.[9] The invoices contained the notation of the interest rate, and § 138.04 requires only that

---

*tors*, 765 P.2d 600, 601 (Colo. Ct. App. 1988); *Herzog Oil Field Serv. v. Otto Torpedo Co.*, 570 A.2d 549, 551 (Pa. Super. Ct. 1990).

[8] We therefore decline to analyze the issue. *See State v. Marshall*, 2002 WI App 73, ¶ 19, 251 Wis. 2d 408, 642 N.W.2d 571.

[9] WISCONSIN STAT. § 138.04 states:

The rate of interest upon the loan or forbearance of any money, goods or things in action shall be $5 upon the $100 for one year and

the interest rate, not an agreement about the interest rate, be clearly expressed in writing. Superior received at least fourteen invoices containing the 18% interest rate notation prior to litigation. The trial concluded these served to put Superior on notice, and we agree.

¶ 14. Superior claims it never agreed to pay for the repairs and that it refused to pay because it felt the repairs were necessary due to faulty workmanship of the systems for which they had already paid. However, neither of these excuses constitutes objection to the interest term. Additionally, these cannot now be valid defenses because the jury found Superior liable for the bills and declined to find Mid-State had failed to perform what it had promised.

¶ 15. Superior also argues that it never agreed to pay interest and never acquiesced in its assessment. However, Wis. Stat. § 402.207 goes directly to the issue of contracting for interest rate and eliminates the traditional "meeting of the minds" requirement Superior believes is mandatory. Additionally, the question is not whether Superior acquiesced to permit the interest charge, but whether it objected to stop it. *See Advance Concrete*, 912 F.2d at 416. Superior did not object, so this argument fails as well.

¶ 16. Finally, Superior argues that *Advance Concrete* is distinguishable. In that case, the holding was based on the invoice as well as a past course of dealing where McCann had been advised orally and in writing about the interest rate; McCann was aware of the

according to that rate for a greater or less sum or for a longer or a shorter time; but parties may contract for the payment and receipt of a rate of interest not exceeding the rate allowed in ss. 138.041 to 138.056, 138.09 to 138.12, 218.0101 to 218.0163, or 422.201, in which case such rate shall be clearly expressed in writing.

interest charges; McCann failed to formally protest; and McCann knew of the interest but continued to buy items on credit. *Id.*

¶ 17. We are not persuaded that *Advance Concrete* is so distinguishable as to be inapplicable. We have already determined that Superior was advised in writing when it received invoices from Mid-State, and the trial court held that Superior should have been aware of the interest charges. Additionally, there is nothing suggesting that Superior formally protested, and much as McCann continued to buy .on credit, Superior continued to call on Mid-State for parts and service. Therefore, the judgment is affirmed.

*By the Court.*—Judgment affirmed.