ZIOLKOWSKI PATENT SOLUTIONS GROUP, S.C.,
Plaintiff-Appellant,

v.

GREAT LAKES DART MANUFACTURING, INC.,
Defendant-Respondent.

Court of Appeals

*No. 2010AP276. Submitted on briefs September 30, 2010.
—Decided December 22, 2010.*

2011 WI App 11

(Also reported in 794 N.W.2d 253.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joseph R. Cincotta* of *Law Offices of Joseph R. Cincotta*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Christopher T. Kolb* of *Halling & Cayo, S.C.*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J. Ziolkowski Patent Solutions Group (Ziolkowski), a Wisconsin intellectual property law firm, sued its former client, Great Lakes Dart Manufacturing, Inc., (GLD) for legal fees and 18% interest on the unpaid fees. Ziolkowski included a clause at the foot of its invoices imposing a finance charge of 1.5% per month on all accounts thirty days past due, but the original contractual engagement letter between Ziolkowski and GLD did not mention interest charges for late payments. The pertinent issue is whether a law firm is entitled to 18% interest on its unpaid legal bills when its attorney fee retainer agreement was silent on interest. The circuit court denied Ziolkowski's request

for 18% interest and we affirm. We hold that a retainer agreement controls the parties' agreement, not the invoices.

¶ 2. We also reverse the circuit court's decision to award costs to GLD pursuant to WIS. STAT. § 807.01(1) (2007–08),[1] as the judgment of the court was higher than GLD's written statutory offer.

## BACKGROUND

¶ 3. In 2004, GLD hired Ziolkowski to prosecute and draft patent applications. An engagement letter sent by Ziolkowski and signed and returned by GLD set forth the contractual terms of the relationship. The engagement letter did not include any provision for interest charges on late payments.

¶ 4. GLD took its intellectual property work to a different law firm in 2006. Ziolkowski sued GLD for unpaid legal fees and sought 18% interest on the unpaid bills. Ziolkowski justified its request for 18% interest by pointing to a clause at the bottom of the invoices that stated "[a] finance charge of 1.5% per month will be assessed on all accounts past due 30 days."

¶ 5. On September 3, 2009, the circuit court issued a written decision and order granting summary judgment to Ziolkowski for the unpaid legal fees of $45,656.41, but denying Ziolkowski's claim for 18% interest on the unpaid fees. The circuit court found that the parties did not agree to any interest charges when they entered into their contract. The circuit court made no mention of an award for 5% interest per WIS. STAT.

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

§ 138.04.[2] The court did not direct which party was to draft the documents perfecting the court's order into a judgment, and neither party did so.

¶ 6. Over a month later, GLD served Ziolkowski with a "statutory offer of judgment" pursuant to Wis. Stat. § 807.01(1).[3] GLD's statutory judgment offer was for: "(1) the principal sum of $45,656.41; plus (2) $8,596.04 in interest, computed as 5% annual simple interest rate on each of the invoiced amounts shown in the attached spreadsheet, from the date of each invoice to the date hereof; plus (3) 5% annual simple interest on the total amount of $7.43, from the date hereof until the date of acceptance of this offer; plus (4) costs." GLD acknowledges that its statutory offer should have included the words "per diem" after "$7.43."

¶ 7. Pursuant to an earlier scheduling order, a final pretrial conference was held on October 23, 2009. GLD appeared at the conference, but Ziolkowski did not.[4] The

---

[2] Five percent is the statutory annual interest rate set forth in Wis. Stat. § 138.04.

[3] Wisconsin Stat. § 807.01(1) provides that:

(1) After issue is joined but at least 20 days before the trial, the defendant may serve upon the plaintiff a written offer to allow judgment to be taken against the defendant for the sum, or property, or to the effect therein specified, with costs. If the plaintiff accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the plaintiff may file the offer, with proof of service of the notice of acceptance, and the clerk must thereupon enter judgment accordingly. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of judgment is not accepted and the plaintiff fails to recover a more favorable judgment, the plaintiff shall not recover costs but defendant shall recover costs to be computed on the demand of the complaint.

[4] Ziolkowski's attorney corresponded to the court that he thought the circuit court's summary judgment order "essentially end[ed] the case."

circuit court commenced the final pretrial conference with the comment, "We're just trying to figure out why we're here today." GLD's attorney concurred, saying "I am too." GLD's attorney indicated to the court that he had spoken to Ziolkowski's attorney and offered to pay the $45,656.41 in three monthly installments, but Ziolkowski refused the offer. GLD informed the court that it then offered Ziolkowski 5% interest on the unpaid bills but Ziolkowski refused. GLD's attorney told the court that it was debatable whether it owed any interest on the unpaid bills, but that GLD included 5% interest in the statutory offer because it wanted the matter resolved.

¶ 8. The circuit court found GLD's statutory offer of judgment to be appropriate and ruled that the court would enter judgment against GLD "in the amount as in your statutory offer of judgment." GLD requested that the circuit court deny costs to Ziolkowski and award costs to GLD because the deadline for Ziolkowski to respond to the statutory offer of judgment had expired and the court's judgment was presumably the same amount as the statutory offer. The court agreed and instructed GLD to put the issue of costs into its order for judgment.

¶ 9. GLD drafted and submitted a proposed judgment to the circuit court. Ziolkowski objected to the proposed judgment on the grounds that it awarded 5% interest instead of 18%. Additionally, Ziolkowski objected to the proposed award of costs to GLD, as the proposed judgment was more than GLD's statutory offer of judgment as written.

¶ 10. On November 6, 2009, the circuit court entered a judgment against GLD for: "(i) $45,656.41 for unpaid bills, plus (ii) 5% annual simple interest on the bills which comprise that amount, from the dates

thereof to October 12, 2009, which interest comes to $8,596.04, plus (iii) further 5% interest, in the amount of $7.43 per day on the combined amount of $54,252.45, from October 12, 2009 to the date of entry of judgment." The court denied costs to Ziolkowski and awarded costs to GLD pursuant to Wis. Stat. § 807.01(1).

¶ 11. Ziolkowski raises two issues on appeal. It first argues that it is entitled to 18% interest on the unpaid legal bills rather than 5% interest because of the clause at the bottom of its invoices. Second, Ziolkowski argues that GLD is not entitled to recover costs because the circuit court's judgment was more favorable than GLD's statutory offer.

## DISCUSSION

### Interest Rate

██

¶ 12. Ziolkowski argues that it is entitled to 18% yearly interest on the unpaid legal bills as each of its invoices to GLD contained a clause stating that "[a] finance charge of 1.5% per month will be assessed on all accounts past due 30 days." GLD counters that Ziolkowski is not entitled to 18% interest as the signed engagement letter contained no provision for interest charges on late payments. This issue requires us to interpret Ziolkowski's engagement letter. The interpretation of a contract is a question of law subject to de novo review. *See DeWitt Ross & Stevens, S.C. v. Galaxy Gaming and Racing Ltd.*, 2004 WI 92, ¶ 20, 273 Wis. 2d 577, 682 N.W.2d 839. The circuit court found as a matter of law that Ziolkowski was not entitled to 18% interest on the $45,656.41. We affirm.

¶ 13. Attorneys have a burden to clearly draft their legal fee agreements. *Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis. 2d 493, 508, 577 N.W.2d 617 (1998). Wisconsin's Rules of Professional Conduct for Attorneys require that the "scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing." SCR 20:1.5(b)(1) (2010). Ziolkowski's engagement letter reserved the right to withdraw from representation if its fees were not paid, but it did not provide for a penalty for late payments. An attorney may not add a material term to a fee agreement without the express agreement of his client. The formation of a valid contract requires a meeting of the minds on all essential points. *Laney v. Ricardo*, 169 Wis. 267, 271, 172 N.W. 141 (1919). Ziolkowski and GLD did not agree on the issue of penalties for late payment fees and Ziolkowski may not unilaterally add an interest charge on its invoices.

¶ 14. Ziolkowski argues that *Mid-State Contracting, Inc. v. Superior Floor Co.*, 2002 WI App 257, 258 Wis. 2d 139, 655 N.W.2d 142, controls this issue. In that case, Superior Floor Co. contracted with Mid-State to install a dust collection system at Superior's plant. *Id.*, ¶ 2. The terms of the contract did not discuss interest on late payments. *Id.* When Mid-State submitted its invoices to Superior, Mid-State included a clause at the bottom of the invoice stating that it would charge 18% annual interest on all accounts past due. *Id.*, ¶ 4. After Superior refused to pay for certain services, Mid-State argued that it was entitled to 18% interest. *Id.*

¶ 15. This court agreed with Mid-State, and awarded it 18% interest. *Id.*, ¶ 13. We first noted that the case was governed by WIS. STAT. § 402.207,

Wisconsin's codification of the Uniform Commercial Code (UCC). *Mid-State*, 258 Wis. 2d 139, ¶ 10. We held that the invoices constituted a valid additional term to the parties' agreement as both Mid-State and Superior were merchants and none of the exceptions under § 402.207(2) applied.[5] *Mid-State*, 258 Wis. 2d 139, ¶¶ 9–13. Thus, Mid-State was awarded 18% interest despite not mentioning the interest penalty in its original contract with Superior.

■

¶ 16. While *Mid-State* presents a similar fact pattern as the instant case, there is an important distinction —*Mid-State* dealt with the sale of goods while this case deals with legal services. As a rule, the UCC governs the sale of goods and not services. *See Van Sistine v. Tollard*, 95 Wis. 2d 678, 684–85, 291 N.W.2d 636 (Ct. App. 1980). The retainer agreement between Ziolkowski and GLD was for legal services—neither party is therefore considered a "merchant" under the UCC. As the UCC does not apply to this case, *Mid-State* is not controlling and Ziolkowski's invoices are not additional terms to the original retainer agreement. We therefore affirm the circuit court's denial of Ziolkowski's requested 18% interest.

---

[5] Wis. Stat. § 402.207(2) provides that:

**(2)** The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(a) The offer expressly limits acceptance to the terms of the offer;

(b) They materially alter it; or

(c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

## GLD's Statutory Offer

¶ 17. GLD filed a statutory offer of judgment pursuant to Wis. Stat. § 807.01(1), over a month after the circuit court's decision and order. GLD's statutory judgment offer was for: "(1) the principal sum of $45,656.41; plus (2) $8,596.04 in interest, computed as 5% annual simple interest rate on each of the invoiced amounts shown in the attached spreadsheet, from the date of each invoice to the date hereof; plus (3) 5% annual simple interest on the total amount of $7.43, from the date hereof until the date of acceptance of this offer; plus (4) costs." The circuit court subsequently entered a judgment for: "(i) $45,656.41 for unpaid bills, plus (ii) 5% annual simple interest on the bills which comprise that amount, from the dates thereof to October 12, 2009, which interest comes to $8,596.04, plus (iii) further 5% interest, in the amount of $7.43 per day on the combined amount of $54,252.45, from October 12, 2009 to the date of entry of judgment." GLD was awarded costs pursuant to § 807.01(1), while Ziolkowski was denied costs.

■■

¶ 18. The interpretation of a settlement offer under Wis. Stat. § 807.01(1) presents a question of law subject to de novo review. *See DeWitt Ross & Stevens*, 273 Wis. 2d 577, ¶ 19. Ziolkowski argues that as the circuit court judgment was higher than GLD's statutory offer, GLD should not have been awarded costs pursuant to § 807.01(1). We agree with Ziolkowski and reverse the circuit court's award of costs to GLD.

¶ 19. Section three of GLD's offer was for "5% annual simple interest *on the total amount of $7.43, from the date hereof until the date of acceptance of this offer.*" (Emphasis added.) GLD admits that it forgot to

include the words "per diem" after "$7.43." This court has noted that it is the obligation of the party making the offer to do so in clear and unambiguous terms. *See Stan's Lumber, Inc. v. Fleming*, 196 Wis. 2d 554, 576, 538 N.W.2d 849 (Ct. App. 1995). Any ambiguity in a settlement offer is construed against the drafter so as to allow the offeree a fair opportunity to evaluate its options. *Id.* Ziolkowski had the right to accept or reject the offer as it was written; we will not add language to the statutory offer that GLD forgot to include.

¶ 20. WISCONSIN STAT. § 807.01(1) states that "[i]f the offer of judgment is not accepted and the plaintiff fails to recover a more favorable judgment, the plaintiff [Ziolkowski] shall not recover costs but defendant [GLD] shall recover costs." Here, the circuit court's judgment award was higher than GLD's offer as it awarded $7.43 *per day* from the date GLD made the offer until the date of the judgment rather than "5% annual simple interest on the total amount of $7.43." As the circuit court's judgment award was higher than GLD's statutory offer, we reverse the circuit court's judgment granting costs to GLD.

## CONCLUSION

¶ 21. We affirm the circuit court's judgment denying Ziolkowski 18% interest on its unpaid legal bills. We reverse the circuit court's award of costs to GLD as the circuit court's judgment exceeded GLD's statutory offer. Left undetermined is whether the circuit court's award of 5% interest was appropriate. From the record, it is obvious that GLD has no issue with the 5% statutory interest; after Ziolkowski did not accept GLD's offer of judgment, GLD told the court that it would accept judgment against it with 5% interest. Although Ziolkowski continued to request 18% interest, that re-

quest was previously denied on summary judgment. Ziolkowski does not object to the award of 5% interest pursuant to Wis. Stat. § 138.04 on appeal. Therefore, in addition to affirming the circuit court's denial of the 18% interest claim, we also affirm its judgment of 5% statutory interest on the unpaid amount of legal bills.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.