## CHURCH v. WELCH.

No. 8513—Opinion Filed Feb. 12, 1918.

(170 Pac. 1168.)

**Appeal and Error—Replevin — Alternate Judgment—Modification.**

Where an action of replevin is commenced in a justice court, and the bill of particulars and the affidavit for the replevin fixed the value of the property involved at a certain sum, on appeal to the district court it is error to render an alternate judgment for plaintiff for said property for a sum in excess of the value of said property as fixed by said bill of particulars and affidavit, but where the trial of the case on appeal is free from error except as to the amount of said alternate judgment rendered, the case will not be reversed, but such judgment will be modified to accord with the amount named in said affidavit for replevin.

(Syllabus by Collier, C.)

Error from District Court, Custer County; Thos. A. Edwards, Judge.

Action by A. J. Welch against W. W. Church. From an alternate judgment of the district court, on appeal from a judgment in the justice court, in favor of the plaintiff, and from the overruling of a motion for a new trial, defendant brings error. Modified, and as modified affirmed.

See, also, 55 Okla. 600, 155 Pac. 620.

Chas. T. Randolph and E. J. Lindley, for plaintiff in error.

A. J. Welch, pro se.

Opinion by COLLIER, C. This is an action instituted by the defendant in error against the plaintiff in error in a court of the justice of the peace, to which an amended bill of particulars and affidavit was filed in said court, alleging the value of the house sought to be recovered in said action to be $150. Hereinafter the parties will be designated as they were in the trial court. The case was tried in the justice court, and resulted in a judgment for the plaintiff, from which the defendant appealed to the superior court of Custer county. The said superior court having been abolished, the case was transferred to the district court of Custer county, and tried de novo in the district court. The case was tried to the court, who made findings of fact and conclusions of law, finding the value of the house $250, and adjudged that, in the event the house could not be returned, the plaintiff have and recover from the defendant the sum of $250, the value of said house, and the further sum of $133 damages for the wrongful detention of said property, and costs, to which action of the court the defendant duly excepted. Timely motion was made for a new trial, which was overruled and excepted to.

The assignments of error are: (1) The jurisdiction of the district court on appeal from the justice of the peace; (2) admission of incompetent testimony; (3) findings of fact, conclusions of the law, and judgments are not supported by the evidence or the law; (4) error in overruling demurrer to amended bill of particulars; (5) objection to introduction of evidence; (6) error in overruling demurrer to plaintiff's evidence; (7) error in holding house in question is presumed to be personal

property; (8) overruling motion for new trial.

There is no question but that the trial court erred in finding the value of the house to be $250 from the fact that the bill of particulars and affidavit for replevin filed in the justice court fixed the value of the house at $150, and the district court could not legally render an alternate judgment for the value of said house in excess of said sum. Section 5405, Revised Laws 1910, reads: ·

"The affidavit of the plaintiff, as to the value of the property, shall fix the jurisdiction of the justice so far as the value is concerned; but the value of the property shall not be assessed against the defendant at a greater amount than that sworn to by the plaintiff in his affidavit."

In Hesser et al. v. Johnson, 13 Okla. 53, 74 Pac. 320. it is held:

"Where an action is appealed from a justice of the peace to the district court, the district court takes merely appellate jurisdiction, and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of the justice of the peace."

In Vowell v. Taylor et al., 8 Okla. 625, 58 Pac. 944, it is held:

"Where an action is appealed from a justice of the peace or from the probate court, the district court takes merely appellate jurisdiction, and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of such court from which the appeal was taken."

In Jaquith v. Davidson, 21 Kan. 341, it is held:

"In actions of replevin commenced before a justice of the peace, it is error to assess the value of the property against the defendant at a greater amount than that sworn to by plaintiff in his affidavit."

It therefore clearly appears that the court committed error in rendering an alternate judgment for the property in the sum of $250, but this is not such error as shoud work a reversal of the case, as the error complained of can be corrected by a modification of the judgment.

In Jaquith v. Davidson, supra, it is said:

"This· was a case of replevin, in which the value of the property sought to be recovered was fixed at $50. The jury found the value to be $60. The matter was expressly called to the attention of the court on a motion for a new trial, but the court overruled the motion, and rendered judgment for the possession of the property, or $60, its value. This was error. * * * But if this were the only error, it could be corrected by a modification, and would not require any reversal of the judgment."

In Shinn on Replevin, §§ 655, 683, it is said:

"The judgment rendered must conform in amount to the verdict, and be of an amount which the court has jurisdiction to award to the successful party in the action. Where, however, the affidavit and presumption shows the value of · the property to be within that over which the court has jurisdiction in replevin, * * * and the verdict is rendered for the plaintiff and his damages assessed at a greater amount than that over which the court has jurisdiction, the excessive amount of the verdict may be remitted, and judgment taken for an amount within the jurisdiction of the court. The judgment for the value of the property cannot be greater than the value claimed in the plaintiff's pleadings. The pleadings must of necessity state the value of the property or interest upon which the action is founded, and a valid judgment for a greater sum cannot be rendered. If, however, the value as entered be greater than that demanded, the error may be cured by remitting. the excess.  * * *"

In 34 Cyc. 1540 (d), it is said: ·

"Where the verdict assesses the value of the property replevied or the damages for its detention at a sum greater than that alleged in the petition, and no amendment is made or asked, the judgment should be entered only for the sum stated in the petition, and thus, under a declaration in replevin alleging a stated amount to be the value of the property, it is error to enter judgment for a greater sum as such value; but plaintiff, by consenting to a reduction, may have judgment entered in form producing the same result as if the verdict had been correctly rendered."

In Ward v. J. H. Masterson, 10 Kan. 77, it is held:

"Where the verdict assesses the value of articles replevied at a sum greater than that alleged in the petition, and no amendment of the petition is made or asked, the judgment should be entered only for the sum stated in the petition."

In Brook v. Bayless et al., 6 Okla. 568, 52 Pac. 738, it is said:

"Where the verdict assesses the value of the property replevied or the damages for the detention thereof at a sum greater than that alleged in the petition, and no amendment is made or asked, the judgment should be entered only for the sum stated in the petition. * * * This error does not call for a reversal of the judgment and a new trial of the cause, but may be corrected in this court."

The incompetent testimony complained of is presented by the deposition of William C. Mueller, and, after a careful review of said evidence, we are of the opinion that,

if error was committed in the admission of any part of said testimony, such error was without injury, the case being tried to the court, and there being sufficient evidence outside of said depositions to fully sustain the judgment rendered.

We have carefully considered all the evidence, and are of the opinion that said evidence fully sustains said judgment, and that a demurrer thereto was properly overruled.

We are of the opinion that the former opinion in this case (A. J. Welch v. W. W. Church, 55 Okla. 600, 155 Pac. 620) fully sustains the ruling of the trial court in overruling the demurrer to the petition, and, that opinion being the law of the case, we deem a further consideration of the demurrer to the petition unnecessary, and uphold the said action of the court upon the authority of A. J. Welch v. W. W. Church, supra.

In the opinion in the former appeal in this case, it being held under the evidence, which is substantially as the evidence in the second trial of the case, that the house in controversy was personal property, even if the trial court, as insisted by defendant, but which insistence is not sustained by the record herein, held that the presumption was that the house was personal property, such holding would have been error, such error was without injury. It follows that the court did not err in overruling the motion for a new trial.

On February 15, 1917, the plaintiff filed in this court a remittitur of $100 of the alternate judgment rendered in this case, and in his brief insists that while the rendition of such alternate judgment in the sum of $250 was error, the same is not a reversible error, and should be corrected by a modification of the judgment as asked by the remittitur filed, and in this contention the defendant virtually agrees, saying in his brief:

"If the excessive judgment were the only error, and if it were not so much in excess of the jurisdiction of a justice of the peace, and so contrary to law and evidence, as to show either bias, prejudice, or an absolute failure to understand the law, we might ask that the judgment be modified, and the costs of this appeal be equally divided, as provided in section 5261, Rev. Laws."

—and, as we find no error in the trial of the cause in the court below, except as to the amount of the alternate judgment, we think that this is a virtual confession, on the part of the parties to the cause, that

this cause should not be reversed, but the judgment modified, and with these contentions we agree, therefore, it clearly appearing that the court committed error in finding the value of the house in excess of the amount named in the bill of particulars and affidavit filed in the justice court, the defendant is entitled to a modification of the judgment to conform to the amount named in the bill of particulars and affidavit filed in the justice court.

It is therefore ordered that the alternate judgment for the value of the house in this case be modified so as to reduce it to the sum of $150, and that, as so modified, said judgment be affirmed, and that the costs in this court be divided between the parties, under section 5261, Revised Laws 1910.

By the Court: It is so ordered.