## GOODLETT v. WILLIAMSTON.

No. 26995.    Dec. 8, 1936.

Rehearing Denied March 2, 1937.

E. C. Armstrong and M. D. Deck, for plaintiff in error.

M. F. Hudson, for defendant in error.

PER CURIAM.    Ruth Goodlett sought to recover damages in the sum of $5,322 from dentist, H. W. Williamston, alleged to have arisen from negligence on the part of the defendant in error, Williamston, in the extraction of a tooth and the subsequent treatment of the plaintiff in error. Defendant filed his answer in the form of a general denial, and upon these issues the case was submitted to the court and jury on September 27, 1935. At the conclusion of the testimony and evidence offered on behalf of the plaintiff, she rested her case, and thereupon the defendant interposed a demurrer to the evidence, and the demurrer was by the court sustained and a verdict in open court under the direction and instruction of the court and in favor of the defendant was rendered by the jury, to which the plaintiff duly excepted and presents this cause to this court on petition in error and case-made.

We have carefully read all the evidence and considered the cases cited by both plaintiff in error and defendant in error, and other cases in addition, and we are of the opinion that the demurrer to the evidence was properly sustained. Plaintiff testified that on or about the 1st of September, 1933, she went to the office of Dr. Williamston and

requested him to extract an upper jaw tooth. The tooth was badly decayed and she had suffered with it for over a month. In extracting the tooth, the dentist used the same kind of dental tools that other dentists ordinarily use for that purpose. Plaintiff was treated in a careful and courteous manner, according to her testimony, and suffered no unusual pain in the extraction. She testified that in extracting the tooth, the defendant was as careful as another dentist had been in extracting other teeth for' her. She suffered no pain for two weeks, but thereafter she began to have trouble with the cavity, but did not return to the office of the defendant for further treatment until some two months after the tooth had been extracted. Regular treatments were then administered to the plaintiff by the defendant, and after a period there was some improvement, but it was not long until her condition became worse, and finally, during the latter part of January, plaintiff was advised by the defendant that she had a condition which he could not take care of and which would require surgical treatment. Following this advice she went to a hospital in DeQueen, Ark., where she was treated for an infection of the right antrum. While there, as the result of a minor operation, a surgeon removed several pieces of aviola process, which is the spongy bone that holds the teeth from the cavity in the opening into the antrum. The antrum was drained and this relieved the inflammation and allowed it to heal. About three months after her visit to the hospital, the plaintiff presented herself to Dr. M. D. McReynolds, another dentist, who extracted two of her teeth because of acute abscesses. One was adjoining the cavity in question and the other was on the other side of her mouth.

The general rule is the same as that applied to negligence cases against physicians and surgeons. In the case of Champion v. Keith, 17 Okla. 204, 87 P. 845, this court established the following rule:

"A physician or surgeon is never considered as warranting a cure, unless under special contract for that purpose. His contract as implied by law is that he possesses that reasonable degree of learning, skill and experience which is ordinarily possessed by others of his profession; that he will use reasonable and ordinary care and diligence in the treatment of the case which he under-

takes, and he will use his best judgment in all cases of doubt as to the proper course of treatment. He is not responsible for damages for want of success unless it is shown to be the result of want of ordinary skill and learning, such as is ordinarily possessed by others of his profession, or for want of ordinary care and attention. He is not presumed to engage for extraordinary skill or for extraordinary diligence or care, nor can he be made responsible in damages for errors in judgment, or mere mistakes in matters of reasonable doubt or uncertainty."

The plaintiff in error also complains of the ruling of the trial court in excluding the evidence and testimony of expert witnesses in the form of "opinion evidence" based upon hypothetical questions. The questions were not based upon facts as to which there was sufficient evidence offered by plaintiff in the trial of said cause from which the jury might reasonably find that they were established, and defendant's objections were properly sustained. The rule adopted and applied by this court is as follows:

"Hypothetical questions must be based upon facts as to which there is such evidence that a jury might reasonably find that they are established, but it is not necessary that the facts should be clearly proved." Mead Bros. v. Watts, 135 Okla. 23, 273 P. 207; Oklahoma Gas & Electric Co. v. Oliphant, 172 Okla. 635, 45 P. (2d) 1077.

With the above rules in mind, we have carefully examined the evidence in this case and find no fault with the order of the trial court in sustaining defendant's demurrer to the evidence and in instructing the jury to return a verdict in favor of the defendant. For the reasons stated, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys O. A. Shaw, E. C. Mead, and Carl H. Livingston in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Shaw and approved by Mr. Mead and Mr. Livingston, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.