Iris D. COOK, Appellee,

v.

Dr. Bryan DOWNING, Appellant.

No. 82669.

Court of Appeals of Oklahoma,
Division No. 1.

Dec. 20, 1994.

Certiorari Denied Feb. 22, 1995.

W. Michael Hill and Edward J. Main, Tulsa, for appellant.

Russell V. Barber, Poteau, for appellee.

### *MEMORANDUM OPINION*

HUNTER, Judge:

Appellant is a licensed dentist who devotes less than 50% of his practice to fitting and making dentures. Appellee, a patient, sued Appellant in small claims court because of mouth trouble she had on account of the dentures. Appellee alleged the condition was the result of ill-fitting dentures. Appellant testified that the condition was generalized and not consistent with localized sore spots which would result from ill-fitting dentures. Appellant referred Appellee to oral surgeons. The dental specialists' evidence showed that they believed the condition was due to either candidas, an autoimmune reaction or an allergy to the dental material. Although none of the dental evidence pinpointed the source of the problem, it consistently ruled out ill-fitting dentures.

After trial, the court entered judgment in favor of Appellee, setting forth that damages were awarded pursuant to Article 2 of the Oklahoma Uniform Commercial Code, (UCC), 12A O.S.1991 §§ 2–104, 2–105 and 2–315, "Implied Warranty of Fitness for a Particular Purpose" and that attorney fees were awarded pursuant to 12 O.S.1991 § 936. 12A O.S.1991 § 2–104(1) defines *merchant* as "a

**612**

person who deals in the goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill." Section 2–105(1) defines *goods* as meaning "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action. 'Goods' also includes the unborn young of animals and growing crops and other identified things attached to realty ..." The law of implied warranty in the commercial code is found in § 2–315 which states:

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

█ We agree with Appellant's position that any claim Appellee might have sounds in tort. In Oklahoma, dentists, professionals who are regulated by the state, furnish dentures. 59 O.S.1991 § 328.19. In general, dentists must use ordinary skill in treating their patients. A patient does not establish the elements of legal detriment by only showing nonsuccess or unsatisfactory results. *Goodlett v. Williamston*, 179 Okl. 238, 65 P.2d 472, 473 (1937) (syllabus by the Court).

A dentist is not a merchant and the Uniform Commercial Code is not the law to apply to these facts. Finding no Oklahoma law on point, we align ourselves with the reasoning stated by the Court of Appeals of North Carolina in *Preston v. Thompson*, 53 N.C.App. 290, 280 S.E.2d 780 (1981). In the *Preston* case, the patient determined through her research in the yellow pages that the dentist was a specialist in dentures. The patient claimed the doctor made oral assurances that the dentures would fit satisfactori-

ly. The dentures did not fit well and subsequent attempts at correcting the problem were not successful. The patient sued the dentist on an implied warranty theory pursuant to the Uniform Commercial Code. The court held, 280 S.E.2d at 784, that the transaction was not of "goods" and that a dentist was not a "merchant" under the UCC. We adopt the rule as enunciated by the North Carolina court, 280 S.E.2d at 784, that "those who, for a fee, furnish their professional medical services for the guidance and assistance of others are not liable in the absence of negligence or intentional misconduct." (citation omitted). The court further held, 280 S.E.2d at 785, that "the fact that defendant holds himself out as specializing in the preparing and fitting of dentures does not remove him from the practice of dentistry and transform him into a merchant." We hold that under the laws of Oklahoma, a dentist is not a merchant and dentures, furnished by a dentist, are not goods under the UCC.

█ A dentist could be sued for breach of contract, if such contract were alleged to exist, but that is not the fact as revealed in the record in our case. Appellee presented evidence of an advertisement guaranteeing dentures to fit, but testified that she did not see this ad until after she had begun her treatment with Appellant. The evidence does not support any breach of contract action.

As a matter of law, Appellee erroneously based her cause of action on the Uniform Commercial Code rather than negligence. The court erred in entering judgment in favor of Appellee based on this law. For this reason, we reverse the judgment of the trial court and remand the matter with directions to enter judgment in favor of Appellant.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, P.J., concurs.

CARL B. JONES, J., dissents with separate opinion.

CARL B. JONES, Judge, dissenting:

As is typical of small claims cases, there were no pleadings here to define the issues.

At trial, however, issues were raised as to dental malpractice and breach of implied warranties under the UCC. Although the trial court based its decision on a finding of a breach of the implied warranty of fitness for a particular purpose, 12A O.S.1991 § 2–315, the trial court's decision must be affirmed if sustainable on any ground. *Benham v. Keller*, 673 P.2d 152 (Okla.1983); *Thompson v. Inman*, 482 P.2d 927 (Okla.1971).

The decision cannot be affirmed on the basis of professional negligence as the necessary evidence of such negligence was lacking. But neither can the trial court's decision's be affirmed on the basis of implied warranty of fitness for a particular purpose. There was no particular or special purpose involved as is required by § 2–315.[1] The use Appellee was to make of the dentures was their ordinary use, and that they may not have been suitable for the ordinary purpose for which they were to be used is the concept of "merchantability".

The implied warranty of merchantability is codified at 12A O.S.1991 § 2–314 and deserves a closer look.

"(1) ... a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. * * * *
(2) Goods to be merchantable must be at least such as ...
  (c) are fit for the ordinary purposes for which such goods are used; * * * * ".
A "merchant" is defined as:
"... a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds

himself out as having such knowledge or skill." 12A O.S.1991 § 2–104(1).

"Goods" means "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities ... and things in action. * * * * ". 12A O.S.1991 § 2–105(1).

"Dentists" and "dentures" appear to be included in the definitions of merchants and goods.

The transaction of a patient being fitted for and purchasing dentures from a dentist is actually a hybrid. It is not purely a sale of goods by a merchant, nor is it purely the providing of a service by a health care professional. Whether implied warranties under Article 2 of the U.C.C. apply to such a transaction should depend on whether the predominant element of the transaction is the sale of goods or the rendering of services. If the sale of goods predominates, it would be within the scope of Article 2 and the implied warranties contained therein. However, *if* the service aspect predominates, there would be no implied warranties. *See* 5 A.L.R.4th 501 (1981).

Although the record contains no specific findings of fact, the record does contain evidence from which it could be concluded that this transaction was principally a sale of goods and that the implied warranty of merchantability applies thereto. The evidence was also sufficient that the trier of fact could have concluded that the dentures were not fit for their ordinary purpose as required to establish a *prima facie* case for breach of the implied warranty of merchantability. We must affirm a law action tried to the court if there is any competent evidence to support the judgment. *United Engines, Inc. v.*

---

1. "A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a

seller may know that a particular pair was selected to be used for climbing mountains." 12A O.S. § 2–315 (Uniform Commercial Code Comment No. 2); *Crysco Oilfield Services, Inc. v. Hutchison–Hayes International, Inc.*, 913 F.2d 850 (10th Cir.1990) (The use of a good in the ordinary manner for which it was manufactured does not satisfy the requirement of 12A O.S. § 2–315 that the good is to be used for a particular purpose.)

**614**

*McConnell Const. Inc.,* 641 P.2d 1101 (Okla. 1980).

In contemporary society the old distinctions separating health care professionals from other businessmen are blurring in many respects. This Court's holding that a dentist is *not* a merchant, and dentures, furnished by a dentist, are *not* goods ignores the fact that nothing excludes them from the statutory definitions of merchant and goods. It also ignores the fact that health care professionals in some instances *are* selling goods to their "patients", with the providing of professional services being secondary to the sale. To such transactions there is no reason Article 2 of the UCC should not apply.

I respectfully dissent.