2014 OK CIV APP 50

**Dennis M. FAIRCHILD,**
**Plaintiff/Appellant,**

v.

**Joey SWEARINGEN, dba Swearingen Remodeling, Defendant/Appellee.**

No. 110274.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 31, 2013.

---

Robert A. Manchester, Oklahoma City, Oklahoma, for Defendant/Appellee.

JOHN F. FISCHER, Presiding Judge.

¶1 Dennis M. Fairchild filed this small claims action against his roofing contractor Swearingen Remodeling, Inc., who admittedly installed shingles of a lesser value than required by the parties' contract. After the case was tried to the district court, Judgment was entered in Fairchild's favor. The Judgment provided alternative forms of relief and permitted Swearingen to choose which form of relief to provide: (1) replace the nonconforming shingles with the shingles specified in the contract, (2) return Fairchild's partial payment. Swearingen elected the former and Fairchild appealed. We find no error by the district court and affirm.

## BACKGROUND

¶2 After storms damaged the roofs of two houses, Fairchild contracted with Swearingen to remove the damaged roofs and replace the roofs with new shingles. The roof on the first house was replaced to Fairchild's satisfaction and according to the parties' contract by July 22, 2011. It is not an issue in this case. The second house is Fairchild's personal residence. The contract for the roof on this house was signed on July 7, 2011. With respect to that contract, Fairchild specified impact resistant shingles, in part, to obtain a discount on his homeowner's insurance premium. After work began on the second house, Fairchild paid $6,000 of the $12,036.12 contract price. Swearingen completed reroofing that house in late July 2011. On August 6, 2011, Swearingen discovered that thirty-year laminated shingles had been installed rather than the impact resistant shingles required by the contract. Swearingen notified Fairchild of this mistake on August 11, 2011. The parties, with the involvement of Fairchild's insurance company, attempted to resolve the dispute but were ultimately unsuccessful. Fairchild filed this small claims action on November 11, 2011. Swearingen filed a counterclaim for the unpaid balance of the contract price.

¶3 At the conclusion of the trial, the district court entered judgment in favor of Fairchild on his breach of contract claim and on Swearingen's counterclaim. The judgment provided as follows:

Dennis M. Fairchild, Blanchard, Oklahoma Pro Se.

Judgment should be granted in favor of Plaintiff as follows (the option of Defendant):

a. The Defendant be afforded to install the correct roof in a workman like manner and in accordance with installation standards, i.e. weather etc. within a reasonable time, weather permitting, or

b. to refund the amount of $5,484.09 [1] to Plaintiff.

Swearingen elected the first option and notified Fairchild that he would install the impact resistant shingles in March of 2012. Fairchild appealed, contending he should have been placed in the position he was in before the contract breach occurred and refunded the $6,000 he paid minus the amount attributable to replacement of the window screens and guttering.

## STANDARD OF REVIEW

¶4 Fairchild's appeal raises only questions of law. Issues of law are reviewed by an appellate court pursuant to a *de novo* standard. *Christian v. Gray*, 2003 OK 10, ¶41, 65 P.3d 591, 608.

## ANALYSIS

¶5 Fairchild filed this appeal arguing three propositions: (1) Swearingen was not entitled to "cure" the breach of contract by replacing the non-conforming shingles; (2) the district should have given him, not Swearingen, the option to select the form of relief provided by the Judgment; and (3) Fairchild was entitled to rescind the contract.

### I. Applicability of the Oklahoma Uniform Commercial Code

¶6 The first issue raised by Fairchild concerns the applicability of the Oklahoma Uniform Commercial Code (UCC). 12A O.S. 2011 §§ 1–101 to 15–121. Fairchild contends that Swearingen does not have the right to now install the correct shingles because he cannot do so "seasonably." Swearingen points to section 2–508(1) of the UCC: "Where any tender or delivery by the seller is rejected because nonconforming and the time for performance has not yet expired, the seller may seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery." The validity of this argument depends on whether the UCC is applicable to this transaction.

¶7 As relevant to this appeal, the UCC applies to "transactions in goods." 12A O.S.2011 § 2–102. It does not apply to contracts for labor and services. *Moore v. Vanderloo*, 386 N.W.2d 108 (Iowa 1986).[2] The high impact shingles involved in this case satisfy the UCC's definition of goods. "'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale...." 12A O.S.2011 § 2–105(1). The determinative question, however, is whether the parties' contract which also called for the removal of the old shingles, installation of the new shingles and other items necessary to the installation of a new roof, is a transaction in goods. This issue has not been previously decided in Oklahoma.[3]

¶8 In those jurisdictions that have addressed the issue, the court considers the transaction in its entirety and determines whether the goods or services aspect of the contract predominates. *See, e.g., Paramount Aviation Corp. v. Agusta*, 288 F.3d 67, 72 (3rd. Cir.2002) (applying New Jersey's version of the UCC).[4] To determine that ques-

---

1. This figure recognizes a deduction from the $6,000.00 paid by Fairchild for work on window screens and other matters not involved in the shingle dispute.

2. Although no Oklahoma case has announced this principle, it is derived from the definitions in Article II of the UCC, generally recognized, and accurately stated by the Iowa Supreme Court in the cited case.

3. *Cook v. Downing*, 1994 OK CIV APP 178, 891 P.2d 611, the only reported decision with a related issue, held that a dentist was not a "mer-

chant" as defined by the UCC. Therefore, the UCC did not apply to patron's action for damages from faulty dentures.

4. Accord, *Bamcor LLC v. Jupiter Aluminum Corp.*, 767 F.Supp.2d 959 (N.D.Ind.2001) (applying Ohio law); *Ole Mexican Foods, Inc. v. Hanson Staple Co.*, 285 Ga. 288, 676 S.E.2d 169 (2009); *Mid–State Contracting, Inc. v. Superior Floor Co.*, 258 Wis.2d 139, 655 N.W.2d 142 (Wis. Ct.App.2002); *Kaitz v. Landscape Creations, Inc.*, 42 U.C.C. Rep. Serv.2d 691, 2000 WL 694274 (Mass.App.Div.2000); *Brandt v. Sarah Bush Lincoln Health Ctr.*, 329 Ill.App.3d 348, 264 Ill.Dec.

tion: "[C]ourts look to the language and circumstances surrounding the contract, the relationship between the goods and services, the compensation structure and the intrinsic worth of the goods provided." *id.* (citing *Integrity Material Handling Sys., Inc. v. Deluxe Corp.*, 317 N.J.Super. 406, 722 A.2d 552, 555 (N.J.Super.Ct.App.Div.1999)). We are persuaded that this is the correct analytical framework for determining the applicability of the UCC in this case and will apply it here.

¶ 9 However, the record in this small claims action is not well developed. There is no transcript of the trial nor was a narrative statement of the trial proceedings prepared pursuant to Rule 1.30 of the Oklahoma Supreme Court Rules. 12 O.S.2011, ch. 15, app. 1. The district court's judgment does contain findings of fact, two of which are helpful: ¶ 2: "[T]he parties entered into an agreement for the tear off and replacement of Plaintiff's roof's [sic] among other repairs and services;" ¶ 3: " '[I]mpact resistant' shingles … are considered to be an upgrade from regular shingles and Plaintiff had agreed to pay the additional amount to have the 'impact resistant' shingles installed." However, these facts are insufficient to determine whether the "goods" aspect of the parties' contract predominates over the services aspect.

■ ¶ 10 From the exhibits introduced at trial, it can be established that the total contract price for reroofing Fairchild's residence was $12,036.12. There are nine "specifications" included in that contract describing the scope of work to be done for the contract price. For example, in addition to removing and hauling off the old shingles and installing the new ones, the contract called for the installation of 30–weight felt to the entire roof, the installation of ice and water shield around "stacks," and the installation of various vents and gutters and six window screens. However, there is no segregation of the cost for the materials, including the shingles, from the cost of the labor to complete the work required by the contract. Consequently, the cost of the shingles as a percentage of the total contract price cannot be determined. Swearingen contends in his appellate brief that the cost of upgrading to impact resistant shingles was $1,000. And, his counterclaim was for $1,000 less than the remaining balance due on the contract. In his appellate briefs, Fairchild does not dispute that the difference in the cost of the two kinds of shingles was $1,000. "Admissions in a brief may be regarded as a supplement to the appellate record." *Tyler v. Shelter Mut. Ins. Co.*, 2008 OK 9, ¶ 11, n. 9, 184 P.3d 496, 499.

■ ¶ 11 Even considering the relatively minimal price differential between the shingles installed and the shingles bargained for as that might reflect on the cost of the shingles, we are unable to determine with certainty the value of the shingles as a percentage of the entire contract. Consequently, the main purpose of this contract cannot be determined from a cost comparison of the price of the goods to the total price of the contract. It is clear, however, from the scope of work described in the contract that much of this contract required labor and services to remove the old shingles and install the new ones and provide the various other services to install the new roof on Fairchild's residence. And, we are guided by the principle announced by one court: "Construction contracts are not governed by the UCC." *Urban Dev., Inc. v. Evergreen Bldg. Prod., LLC*, 114 Wash.App. 639, 59 P.3d 112, 116, (2002). We conclude that the primary purpose of the parties' contract was to provide the services required to install a new

766, 771 N.E.2d 470 (2002); *City of Lennox v. Mitek Indus., Inc.*, 519 N.W.2d 330 (S.D.1994); *Allied Erecting & Dismantling Co. v. Auto Baling Co.*, 69 Ohio App.3d 502, 591 N.E.2d 259 (1990); *Houghton v. Alfa–Laval, Inc.*, 184 Mich.App. 731, 459 N.W.2d 42 (Mich.App.1990); *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523 (7th Cir.1999) (applying Indiana law); *BMC Indus., Inc., v. Barth Indus., Inc.*, 160 F.3d 1322 (11th Cir.1998) (applying Florida law); *AKA Distributing Co. v. Whirlpool Corp.*, 137 F.3d 1083 (8th Cir.1998) (applying Minnesota law); *Design Data Corp. v. Maryland Cas. Co.*, 243 Neb. 945, 503 N.W.2d 552 (Neb.1993); *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.*, 148 F.3d 649 (7th Cir.1998) (applying New Hampshire law); *Neilson Business Equip. Ctr., Inc. v. Italo V. Monteleone, M.D.*, 524 A.2d 1172 (Del.1987); *Pittsley v. Houser*, 125 Idaho 820, 875 P.2d 232 (1994); *Palmer v. Espey Huston & Assocs., Inc.*, 84 S.W.3d 345, 49 U.C.C. Rep. Serv.2d 48 (Tex.App. 2002).

roof and the shingles, although an important term of the contract, were incidental to the main purpose of the contract. Consequently, this contract is not a transaction in goods and the UCC does not apply. Fairchild's arguments based on the UCC fail to show any error by the district court in granting the Judgment.

## II. The Judgment

██ ¶ 12 Fairchild's second assignment of error argues the district court erred in the form of relief granted in the Judgment. As discussed, the Judgment provided alternative relief. The first option would have given Fairchild the roof with high impact shingles that the parties' contract required. The second option would have returned his down payment, the relief Fairchild requested in his small claims petition. Nonetheless, Fairchild contends that the district court erred in permitting Swearingen to select the form of relief to be provided. Fairchild cites *Keith v. Reid d/b/a Gold Spot Flooring*, No. 107,405, slip op. (Okla.Civ.App. July 12, 2011), in support of this proposition. That case involved the installation of non-conforming carpet and applicable provisions of the UCC governing the buyer's remedies pursuant to the UCC. As we held in Part I of this Opinion, the UCC does not apply to the parties' contract in this case.

██ ¶ 13 Fairchild cites no other authority supporting this proposition demonstrating any error by the district court, and we find none. First, the district court may enter a judgment that provides alternate forms of relief. *Church v. Welch*, 1918 OK 108, 170 P. 1168 (judgment for plaintiff for return of house or the value of the house affirmed). Second, the relief eventually received by the plaintiff may depend on the decision of others and not the choice of the plaintiff. *Id.* ¶ 1, 170 P. at 1169 (affirming a judgment, after modification of the amount to conform to the evidence, which provided: "[I]n the event the house could not be returned, the plaintiff have and recover from the defendant the sum of $ 250, the value of said house...."). Third, the district court's Judgment in this case provided that Fairchild would receive either what he originally contracted to receive (new impact resistant roof), or what he sued to recover (his partial payment). Clearly, the alternate forms of relief included in the Judgment were reasonable, supported by the evidence at trial and well within the discretion of the district court to award. *In re Stackman*, 1963 OK 264, ¶ 29, 388 P.2d 305, 311 (abuse does not occur when discretion is exercised to an end or purpose justified by, and clearly supported by, reason and evidence).

## III. Rescission

██ ¶ 14 Fairchild's final proposition argues he is entitled to rescind his contract with Swearingen pursuant to Title 15 O.S. 2011 § 233(2) and (4):

A party to a contract may rescind the same in the following cases only:

\* \* \*

2. If through the fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part.

\* \* \*

4. If such consideration, before it is rendered to him, fails in a material respect, from any cause....

Even assuming installation of the non-conforming shingles would constitute a failure of consideration warranting rescission of the parties' contract, Fairchild's claim for rescission fails as a matter of law. A party seeking to rescind a contract must return "everything of value" received pursuant to the contract. *Ware v. City of Tulsa*, 1957 OK 148, ¶ 10, 312 P.2d 946, 950. Further,

Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless

the latter is unable, or positively refuses to do so.

15 O.S.2011 § 235. There are no facts in this record showing that Fairchild has offered to or can return the materials used to install the roof, guttering and other items previously installed on his house. Further, with respect to some of those items such as the window screens, Fairchild intends to retain the benefit of that portion of the contract. "A partial rescission cannot be had." *Ware*, 1957 OK 148, ¶ 10, 312 P.2d at 950. Fairchild is not entitled to rescind his contract with Swearingen.

## CONCLUSION

¶ 15 this breach of contract action, the predominant purpose of the contract was the labor and services required to remove a damaged roof and install a new roof and items related thereto. The shingles used on the new roof were incidental to the main purpose of the contract. Consequently, the contract did not involve a transaction in goods and the Oklahoma Uniform Commercial Code does not apply. The alternative forms of relief provided in the Judgment are reasonable and within the power and discretion of the district court to order. The district court did not err in leaving to Swearingen the selection of which form of relief to provide. Finally, Fairchild is not entitled to rescind the contract. The Judgment of the district court is affirmed.

¶ 16 **AFFIRMED.**

BARNES, V.C.J., and WISEMAN, J., concur.