OSCN Found Document:FAIRCHILD v. SWEARINGEN

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 FAIRCHILD v. SWEARINGEN
2014 OK CIV APP 50
Case Number: 110274
Decided: 12/31/2013
Mandate Issued: 01/24/2014
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2014 OK CIV APP 50, __ P.3d __

DENNIS M. FAIRCHILD, Plaintiff/Appellant,
v.
JOEY 
SWEARINGEN, dba Swearingen Remodeling, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
GRADY COUNTY, OKLAHOMA
HONORABLE TIMOTHY A. BRAUER, TRIAL JUDGE

AFFIRMED

Dennis M. Fairchild, Blanchard, Oklahoma Pro Se
Robert A. 
Manchester, Oklahoma City, Oklahoma, for Defendant/Appellee


JOHN F. FISCHER, PRESIDING JUDGE:
¶1 Dennis M. Fairchild filed this small claims action against his roofing 
contractor Swearingen Remodeling, Inc., who admittedly installed shingles of a 
lesser value than required by the parties' contract. After the case was tried to 
the district court, Judgment was entered in Fairchild's favor. The Judgment 
provided alternative forms of relief and permitted Swearingen to choose which 
form of relief to provide: (1) replace the non-conforming shingles with the 
shingles specified in the contract, (2) return Fairchild's partial payment. 
Swearingen elected the former and Fairchild appealed. We find no error by the 
district court and affirm.
BACKGROUND
¶2 After storms damaged the roofs of two houses, Fairchild contracted with 
Swearingen to remove the damaged roofs and replace the roofs with new shingles. 
The roof on the first house was replaced to Fairchild's satisfaction and 
according to the parties' contract by July 22, 2011. It is not an issue in this 
case. The second house is Fairchild's personal residence. The contract for the 
roof on this house was signed on July 7, 2011. With respect to that contract, 
Fairchild specified impact resistant shingles, in part, to obtain a discount on 
his homeowner's insurance premium. After work began on the second house, 
Fairchild paid $6,000 of the $12,036.12 contract price. Swearingen completed 
reroofing that house in late July 2011. On August 6, 2011, Swearingen discovered 
that thirty-year laminated shingles had been installed rather than the impact 
resistant shingles required by the contract. Swearingen notified Fairchild of 
this mistake on August 11, 2011. The parties, with the involvement of 
Fairchild's insurance company, attempted to resolve the dispute but were 
ultimately unsuccessful. Fairchild filed this small claims action on November 
11, 2011. Swearingen filed a counterclaim for the unpaid balance of the contract 
price.
¶3 At the conclusion of the trial, the district court entered judgment in 
favor of Fairchild on his breach of contract claim and on Swearingen's 
counterclaim. The judgment provided as follows:

 
 Judgment should be granted in favor of Plaintiff as follows (the option 
 of Defendant):
a. The Defendant be afforded to install the correct roof 
 in a workman like manner and in accordance with installation standards, i.e. 
 weather etc. within a reasonable time, weather permitting, or
b. to 
 refund the amount of $5,484.09[1] to Plaintiff.
Swearingen elected the first option and notified Fairchild that he would 
install the impact resistant shingles in March of 2012. Fairchild appealed, 
contending he should have been placed in the position he was in before the 
contract breach occurred and refunded the $6,000 he paid minus the amount 
attributable to replacement of the window screens and guttering.
STANDARD OF REVIEW
¶4 Fairchild's appeal raises only questions of law. Issues of law are 
reviewed by an appellate court pursuant to a de novo standard. 
Christian v. Gray, 2003 OK 
10, ¶ 41, 65 P.3d 591, 
608.
ANALYSIS
¶5 Fairchild filed this appeal arguing three propositions: (1) Swearingen was 
not entitled to "cure" the breach of contract by replacing the non-conforming 
shingles; (2) the district should have given him, not Swearingen, the option to 
select the form of relief provided by the Judgment; and (3) Fairchild was 
entitled to rescind the contract.
I. Applicability of the Oklahoma Uniform Commercial Code
¶6 The first issue raised by Fairchild concerns the applicability of the 
Oklahoma Uniform Commercial Code (UCC), 12A O.S.2011 §§ 1-101 to 15-121. 
Fairchild contends that Swearingen does not have the right to now install the 
correct shingles because he cannot do so "seasonably." Swearingen points to 
section 2-508(1) of the UCC: "Where any tender or delivery by the seller is 
rejected because nonconforming and the time for performance has not yet expired, 
the seller may seasonably notify the buyer of his intention to cure and may then 
within the contract time make a conforming delivery." The validity of this 
argument depends on whether the UCC is applicable to this transaction.
¶7 As relevant to this appeal, the UCC applies to "transactions in goods." 12A O.S.2011 § 2-102. It does not 
apply to contracts for labor and services. Moore v. Vanderloo Eyeglasses, 
386 N.W.2d 108, 1 U.C.C. Rep.Serv.2d 1442 (Iowa 1986).[2] The high impact shingles involved in 
this case satisfy the UCC's definition of goods. "'Goods' means all things 
(including specially manufactured goods) which are movable at the time of 
identification to the contract for sale. . . ." 12A O.S.2011 § 2-105(1). The 
determinative question, however, is whether the parties' contract which also 
called for the removal of the old shingles, installation of the new shingles and 
other items necessary to the installation of a new roof, is a transaction in 
goods. This issue has not been previously decided in Oklahoma.[3]
¶8 In those jurisdictions that have addressed the issue, the court considers 
the transaction in its entirety and determines whether the goods or services 
aspect of the contract predominates. See, e.g., Paramount 
Aviation Corp. v. Agusta, 288 F.3d 67, 72 (3rd. Cir. 2002) (applying 
New Jersey's version of the UCC).[4] To determine that question: "[C]ourts look to the 
language and circumstances surrounding the contract, the relationship between 
the goods and services, the compensation structure and the intrinsic worth of 
the goods provided." Id. (citing Integrity Material Handling Sys., 
Inc. v. Deluxe Corp., 722 A.2d 552, 555 (N.J. Super. Ct. App. Div. 1999)). 
We are persuaded that this is the correct analytical framework for determining 
the applicability of the UCC in this case and will apply it here.
¶9 However, the record in this small claims action is not well developed. 
There is no transcript of the trial nor was a narrative statement of the trial 
proceedings prepared pursuant to Rule 1.30 of the Oklahoma Supreme Court Rules. 
12 O.S.2011, ch. 15, app. 1. The district court's judgment does contain findings 
of fact, two of which are helpful: ¶ 2: "[T]he parties entered into an agreement 
for the tear off and replacement of Plaintiff's roof's [sic] among other repairs 
and services;" ¶ 3: "'[I]mpact resistant' shingles . . . are considered to be an 
upgrade from regular shingles and Plaintiff had agreed to pay the additional 
amount to have the 'impact resistant' shingles installed." However, these facts 
are insufficient to determine whether the "goods" aspect of the parties' 
contract predominates over the services aspect.
¶10 From the exhibits introduced at trial, it can be established that the 
total contract price for reroofing Fairchild's residence was $12,036.12. There 
are nine "specifications" included in that contract describing the scope of work 
to be done for the contract price. For example, in addition to removing and 
hauling off the old shingles and installing the new ones, the contract called 
for the installation of 30- weight felt to the entire roof, the installation of 
ice and water shield around "stacks," and the installation of various vents and 
gutters and six window screens. However, there is no segregation of the cost for 
the materials, including the shingles, from the cost of the labor to complete 
the work required by the contract. Consequently, the cost of the shingles as a 
percentage of the total contract price cannot be determined. Swearingen contends 
in his appellate brief that the cost of upgrading to impact resistant shingles 
was $1,000. And, his counterclaim was for $1,000 less than the remaining balance 
due on the contract. In his appellate briefs, Fairchild does not dispute that 
the difference in the cost of the two kinds of shingles was $1,000. "Admissions 
in a brief may be regarded as a supplement to the appellate record." Tyler v. 
Shelter Mut. Ins. Co., 2008 OK 9, ¶ 11, n.9, 184 P.3d 496, 499.
¶11 Even considering the relatively minimal price differential between the 
shingles installed and the shingles bargained for as that might reflect on the 
cost of the shingles, we are unable to determine with certainty the value of the 
shingles as a percentage of the entire contract. Consequently, the main purpose 
of this contract cannot be determined from a cost comparison of the price of the 
goods to the total price of the contract. It is clear, however, from the scope 
of work described in the contract that much of this contract required labor and 
services to remove the old shingles and install the new ones and provide the 
various other services to install the new roof on Fairchild's residence. And, we 
are guided by the principle announced by one court: "Construction contracts are 
not governed by the UCC." Urban Dev., Inc. v. Evergreen Bldg. Prod., LLC, 
59 P.3d 112, 116, (Wash. Ct. App. 2002). We conclude that the primary purpose of 
the parties' contract was to provide the services required to install a new roof 
and the shingles, although an important term of the contract, were incidental to 
the main purpose of the contract. Consequently, this contract is not a 
transaction in goods and the UCC does not apply. Fairchild's arguments based on 
the UCC fail to show any error by the district court in granting the 
Judgment.
II. The Judgment
¶12 Fairchild's second assignment of error argues the district court erred in 
the form of relief granted in the Judgment. As discussed, the Judgment provided 
alternative relief. The first option would have given Fairchild the roof with 
high impact shingles that the parties' contract required. The second option 
would have returned his down payment, the relief Fairchild requested in his 
small claims petition. Nonetheless, Fairchild contends that the district court 
erred in permitting Swearingen to select the form of relief to be provided. 
Fairchild cites Keith v. Reid d/b/a Gold Spot Flooring, No. 107,405, slip 
op. (Okla. Civ. App. July 12, 2011), in support of this proposition. That case 
involved the installation of non-conforming carpet and applicable provisions of 
the UCC governing the buyer's remedies pursuant to the UCC. As we held in Part I 
of this Opinion, the UCC does not apply to the parties' contract in this 
case.
¶13 Fairchild cites no other authority supporting this proposition 
demonstrating any error by the district court, and we find none. First, the 
district court may enter a judgment that provides alternate forms of relief. 
Church v. Welch, 1918 OK 
108, 170 P. 1168 (judgment 
for plaintiff for return of house or the value of the house affirmed). Second, 
the relief eventually received by the plaintiff may depend on the decision of 
others and not the choice of the plaintiff. Id. ¶ 1, 170 P. at 1169 
(affirming a judgment, after modification of the amount to conform to the 
evidence, which provided: "[I]n the event the house could not be returned, the 
plaintiff have and recover from the defendant the sum of $ 250, the value of 
said house. . . ."). Third, the district court's Judgment in this case provided 
that Fairchild would receive either what he originally contracted to receive 
(new impact resistant roof), or what he sued to recover (his partial payment). 
Clearly, the alternate forms of relief included in the Judgment were reasonable, 
supported by the evidence at trial and well within the discretion of the 
district court to award. In re Stackman, 1963 OK 264, ¶ 29, 388 P.2d 305, 311 (abuse does not 
occur when discretion is exercised to an end or purpose justified by, and 
clearly supported by, reason and evidence).
III. Rescission
¶14 Fairchild's final proposition argues he is entitled to rescind his 
contract with Swearingen pursuant to Title 15 O.S.2011 § 233(2) and (4):

 
 A party to a contract may rescind the same in the following cases 
 only:
 * * *
 2. If through the fault of the party as to whom he rescinds, the 
 consideration for his obligation fails in whole or in part.
 * * *
 4. If such consideration, before it is rendered to him, fails in a 
 material respect, from any cause. . . .
Even assuming installation of the non-conforming shingles would constitute a 
failure of consideration warranting rescission of the parties' contract, 
Fairchild's claim for rescission fails as a matter of law. A party seeking to 
rescind a contract must return "everything of value" received pursuant to the 
contract. Ware v. City of Tulsa, 1957 OK 148, ¶ 10, 312 P.2d 946, 950. Further,

 
 Rescission, when not effected by consent, can be accomplished only by the 
 use, on the part of the party rescinding, of reasonable diligence to comply 
 with the following rules:
 1. He must rescind promptly, upon discovering the facts which entitle him 
 to rescind, if he is free from duress, menace, undue influence, or 
 disability, and is aware of his right to rescind; and,
 2. He must restore to the other party everything of value which he has 
 received from him under the contract; or must offer to restore the same, 
 upon condition that such party shall do likewise, unless the latter is 
 unable, or positively refuses to do so.
15 O.S.2011 § 235. There are 
no facts in this record showing that Fairchild has offered to or can return the 
materials used to install the roof, guttering and other items previously 
installed on his house. Further, with respect to some of those items such as the 
window screens, Fairchild intends to retain the benefit of that portion of the 
contract. "A partial rescission cannot be had." Ware, 1957 OK 148, ¶ 10, 312 P.2d at 950. 
Fairchild is not entitled to rescind his contract with Swearingen.
CONCLUSION
¶15 In this breach of contract action, the predominant purpose of the 
contract was the labor and services required to remove a damaged roof and 
install a new roof and items related thereto. The shingles used on the new roof 
were incidental to the main purpose of the contract. Consequently, the contract 
did not involve a transaction in goods and the Oklahoma Uniform Commercial Code 
does not apply. The alternative forms of relief provided in the Judgment are 
reasonable and within the power and discretion of the district court to order. 
The district court did not err in leaving to Swearingen the selection of which 
form of relief to provide. Finally, Fairchild is not entitled to rescind the 
contract. The Judgment of the district court is affirmed.

¶16 AFFIRMED.

BARNES, V.C.J., and WISEMAN, J., concur.

FOOTNOTES

[1] This 
figure recognizes a deduction from the $6,000.00 paid by Fairchild for work on 
window screens and other matters not involved in the shingle dispute.

[2] 
Although no Oklahoma case has announced this principle, it is derived from the 
definitions in Article II of the UCC, generally recognized, and accurately 
stated by the Iowa Supreme Court in the cited case.

[3] Cook 
v. Downing, 1994 OK CIV APP 
178, 891 P.2d 611, the only 
reported decision with a related issue, held that a dentist was not a "merchant" 
as defined by the UCC. Therefore, the UCC did not apply to patron's action for 
damages from faulty dentures.

[4] Accord, 
Bamcor LLC v. Jupiter Aluminum Corp., 767 F. SupP.2d 959 (N.D. 
Ind. 2001) (applying Ohio law); Ole Mexican Foods, Inc. v. Hanson Staple 
Co., 676 S.E.2d 169, 68 U.C.C. Rep. Serv. 2d 607 (Ga. 2009); 
Mid-State Contracting, Inc. v. Superior Floor Co., 655 N.W. 2d 142, 49 
U.C.C. Rep. Serv. 2d 88 (Wis. Ct. App. 2002); Kaitz v. Landscape Creations, 
Inc., 42 U.C.C. Rep. Serv. 2d 691 (Mass. App. Div. 2000); Brandt v. Sarah 
Bush Lincoln Health Ctr., 771 N.E.2d 470 (Ill. App. 2002); City of 
Lennox v. Mitek Indus., Inc., 519 N.W.2d 330, 25 U.C.C. Rep. Serv. 2d 
1118 (S.D. 1994); Allied Erecting & Dismantling Co. v. Auto 
Bailing Co., 591 N.E.2d 259 (Ohio App. 1990); Houghton v. 
Alfa-Laval, Inc., 459 N.W.2d 42, 13 U.C.C. Rep. Serv. 2d 412 (Mich. 
App. 1990); Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp., 179 
F.3d 523, 38 U.C.C. Rep. Serv. 2d 699 (7th Cir. 1999) (applying Indiana law); 
BMC Indus., Inc., v. Barth Indus., Inc., 160 F.3d 1322, 37 U.C.C. 
Rep. Serv. 2d 63 (11th Cir. 1998) (applying Florida law); AKA Distributing 
Co. v. Whirlpool Corp., 137 F.3d 1083, 35 U.C.C. Rep. Serv. 2d 45 
(8th Cir. 1998) (applying Minnesota law; Design Data Corp. v. Maryland Cas. 
Co., 503 N.W.2d 552, 21 U.C.C. Rep. Serv. 2d 230 (Neb. 1993); 
Micro Data Base Sys., Inc. v. Dharma Sys., Inc., 148 F.3d 649, 35 
U.C.C. Rep. Serv. 2d 747 (7th Cir. 1998) (applying New Hampshire law); Nelson 
Bus Equip. Ctr., Inc. v. Italo v. Monteleone, M.D., 524 
A.2d 1172, 3 U.C.C. Rep. Serv. 2d 1721 (Del. 1987); Pittsley v. Houser, 
875 P.2d 232, 24 U.C.C. Rep. Serv. 2d 792 (Idaho App. 1994); Palmer v. Espey 
Huston & Assocs., Inc., 84 S.W.3d 345, 49 U.C.C. Rep. Serv. 2d 48 
(Tex. App. 2002).





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 1994 OK CIV APP 178, 891 P.2d 611, 66 OBJ 900, Cook v. Downing
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1957 OK 148, 312 P.2d 946, WARE v. CITY OF TULSA
Discussed at Length 1918 OK 108, 170 P. 1168, 69 Okla. 161, CHURCH v. WELCH
Discussed 1963 OK 264, 388 P.2d 305, IN RE STACKMAN'S ESTATE
Discussed 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed 2008 OK 9, 184 P.3d 496, TYLER v. SHELTER MUTUAL INSURANCE CO.
Discussed
Title 15. Contracts Cite
Name
Level 15 O.S. 233, Party to Contract May Rescind the Contract in the Following Cases
Cited 15 O.S. 235, Compliance of Rules by Party Attempting Rescission
Cited
Title 12A. Uniform Commercial Code Cite
Name
Level 12A O.S. 1-101, Short Titles
Cited 12A O.S. 2-102, Scope - Certain Security and Other Transactions Excluded from this Article
Cited 12A O.S. 2-105, Definitions: Transferability - "Goods" - "Future" Goods - "Lot" - "Commercial Unit"
Cited